# Richmond.

GASKINS AND OTHERS v. HUNTON.

JANUARY 30, 1896.

Absent, Keith, P. *

1. WILLS—*Construction of—Estate Given by One Part of Will, How Affected by Other Parts.*—If an estate is conveyed, or an interest given, or a benefit bestowed in one part of the instrument by clear, unambiguous, and explicit words, such estate, interest, or benefit, is not diminished or destroyed by words in another part of the instrument, unless the terms which diminish or destroy the estate before given be as clear and decisive as the terms by which it was created.

2. WILLS—*Construction of—Case at Bar.*—A testator devised and bequeathed certain real and personal property to his four sons and his daughter by language which was construed to convey a fee in the lands and pass an absolute estate in the personalty. The will then provides as follows : " After the above-mentioned divisions and dispositions are made, I desire at a suitable time—say at the end of the year, or in one year after my decease—that the residue of my property, not divided as above, be equally divided among my four living sons and daughter ; if either should die before the division or without an heir, the estate of such an one to be equally divided amongst all my living children above mentioned." Two of the sons and the daughter died without issue. One of the other sons died leaving children. The remaining son still survives.

*Held :*

   The limitations in the provision quoted apply only to the residue of the estate disposed of by that part of the will, and not to the general or principal distribution made in a former part.

Appeal from a decree of the Circuit Court of Fauquier county, pronounced April 13, 1892, in a suit in chancery

---

  *Judge Keith decided the case in the Circuit Court.

instituted by Edwin Hunton, in his own right and as executor of William Hunton, deceased, against the devisees and legatees of said William Hunton, praying a construction of his will.

*Affirmed.*

The opinion states the case.

*Brooke & Scott* and *R. R. Campbell*, for the appellants.

*Eppa Hunton, Jr.*, for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The decision of this case depends upon the proper construction of the following provisions in the will of William Hunton, deceased:

"I desire that  *  *  *  my tract of land adjoining Buchland farm, which my son Edwin has been managing for several years, be equally divided, according to quantity and quality, between my son Edwin and one of my other sons, and that Edwin have the upper part, on which the buildings stand at this time; and should said Edwin put any buildings on that part of the land after the 1st day of January, 1838, they are not to be considered in the division. I desire that the tract of land upon which I reside, together with all the houses and lots I own in the town of New Baltimore, except those on the south side of Main street, be equally divided between my other two sons, according to quantity and quality as aforesaid, and that the tract of land be so laid off as to make a sufficient allowance in the part where the mansion house stands for and in consideration of my wife, Euphonia R. Hunton, who shall occupy and use said part in conjunction with the son to whom it may be allotted,  *  *  *  and that my wife have the use of said land and houses as above mentioned during her life.  *  *  *

"It is further directed that if, in the division of my two tracts of land above named, one shall be considered more valuable than the other, the children who may get the more valuable part shall pay the difference in value to those who may get the less valuable part; and, where any of my children have had advances made them, in either property or money, they must account for such advances in the division.

"It is further my desire that my daughter, Mildred Jane Hunton, have all the houses and lots which I own south of Main street, in the town of New Baltimore, and as much other property and money as shall make her part equal in amount to the land which falls or is allotted to one of my sons, and a horse and saddle besides. If she prefer to have a tract of land, my executors will purchase one for her to the amount above specified. It is my desire that all my sons who have not had a horse given them be furnished with one. After the above-mentioned divisions and dispositions are made, I desire, at a suitable time—say at the end of the year, or in one year after my decease—that the residue of my property, not divided as above, be equally divided among my four living sons and daughter; if either should die before the division or without an heir, the estate of such an one to be equally divided amongst all my living children above mentioned."

Two of his sons and daughter died without issue. One of the other sons died leaving children, and the other son is still living.

The contention of the appellee in this case is that the four sons and the daughter of the testator took a fee simple estate in the lands, and an absolute estate in the personalty devised and bequeathed to them in the general or principal distribution of the testator's estate; whilst the appellants contend that the whole estate devised and bequeathed to them was taken subject to the provisions of what may be called the residuary clause of the will.

The words used by the testator in that portion of his will in which the general or principal distribution of his estate is made are appropriate words for creating an absolute estate, and are all that are necessary for that purpose; and those provisions of the will must be construed as clearly giving to his children a fee simple in the lands devised them, and an absolute estate in the personalty bequeathed them, unless the subsequent provision of the will, by which the testator disposes of the residue of his estate, limits or diminishes that interest.

It is a settled rule of construction, both in deeds and wills, that if an estate is conveyed, or an interest given, or a benefit bestowed in one part of the instrument, by clear, unambiguous, and explicit words, such estate, interest, or benefit is not diminished nor destroyed by words in another part of the instrument, unless the terms which diminish or destroy the estate before given be as clear and decisive as the terms by which it was created. *Rayfield* v. *Gaines*, 17 Gratt. 1; *Barksdale* v. *White*, 28 Gratt. 224, 228; *Stark* v. *Lipscomb*, 29 Gratt. 322; *Haymond, Trustee*, v. *Jones*, 33 Gratt. 317, 339; 2 Minor's Insts. 1057 (4th ed.), and cases cited.

The subsequent provision of the will, by which, it is contended, the testator cut down the said absolute estate to a life estate in certain contingencies, is as follows:

" After the above-mentioned divisions and distributions are made, I desire, at a suitable time—say at the end of the year, or in one year after my decease—that the residue of my property, not divided as above, be equally divided among my four living sons and daughter; if either should die before the division or without an heir, the estate of such an one to be equally divided amongst all my living children above mentioned."

By this provision of his will the testator directs what shall

be done with the residue of his estate remaining "after the above-mentioned divisions and distributions are made."

He first provides that it shall be divided among his four living children, but, if any of them died before such division was made, or died without an heir (that is, without issue of his body), then, in that event, his share was to be equally divided among the surviving children.

This provision of the will does not say if either of the children should die before the divisions and distributions provided for in the will are made, then his share should be divided among the other children; but it says, after the above-mentioned divisions and distributions are made, the residue of the estate is to be equally divided between them within a year after the testator's death, but, if either should die before "the division," then his share should go to the surviving children. The *division* referred to must mean the division of the residue of his estate provided for in this portion of his will; and the limitations contained in that provision only apply to the residue of the estate disposed of by it. This, we think, is the natural and proper construction of the residuary clause or portion of the will. At least it is not clear that the testator intended by this latter provision of his will to diminish or limit the absolute estate created by the former provisions, and, this being so, the result is the same as if it was clear that he did not intend to diminish or limit it.

For, as we have seen, the subsequent provision of an instrument will not limit or diminish the estate given in a former portion of it, unless the terms by which it is to be cut down or limited are as clear and decisive as those by which it was created.

We are of opinion, therefore, that each of the children of William Hunton, deceased, took under his will a fee simple estate in the lands devised them, and an absolute estate in the personal property bequeathed them, except in the pro-

perty devised and bequeathed them in the residuary provision of his will, in which last property they took an estate subject to be defeated by the death of either before " the division " provided for in that clause had been made, or in the event of either dying without issue.

This being the construction placed upon the will by the Circuit Court, its decree must be affirmed.

*Affirmed.*