# 𝔖taunton

FARMERS BANK OF CLINCH VALLEY V. H. S. KINSER, ET ALS.

September 23, 1937.

Present, All the Justices.

The opinion states the case.

*R. O. Crockett,* for the appellant.

*J. Powell Royall, T. C. Bowen* and *Joseph S. Gillespie,* for the appellees.

BROWNING, J., delivered the opinion of the court.

A general creditors' suit was instituted by the appellant in the Circuit Court of Tazewell county, Virginia, which progressed to the point of a sale of the land, in the bill and proceedings mentioned, through special commissioner, R. O. Crockett, to Henry Kincer.

Mr. Kincer declined to complete his purchase by complying with the terms of the sale, which were in accordance with the provisions of the decree under which the commissioner was acting.

The sale was reported to the court by the special commissioner, who also advised that the purchaser had informed him by letter that he would not make settlement and complete the purchase because he had been advised that the title to the land was not satisfactory, and the special commissioner requested the court to instruct him as to the course he should pursue.

A rule was thereupon issued against Mr. Kincer requiring him to show cause why he should not comply with the terms of the decree of sale and, in default of his completing his purchase, why judgment should not be forthwith issued against him.

Mr. Kincer answered the rule, stating that he had had the title examined and was advised that it was defective. He stated that one of the links in the title was the will of G. S. Gildersleeve, who was a former owner of the land, and through which it had devolved.

With this brief statement of the facts we are brought to the necessity of construing the third clause of the Gildersleeve will, which is as follows:

"Third: I give and bequeath to my wife L. G. Gildersleeve, in the event of my death first all my interests in the farm we own jointly and all the stock, farm implements &c. after my debts are paid. To have and to hold the same in fee simple and to dispose of the same among the children as she may think best."

It is admitted by counsel on both sides of this case that there is accord as to the facts and that the case turns upon the construction of the above clause.

By the first sentence of the clause under consideration the testator gives all of his estate, after the payment of his debts, to his wife, without qualification. By the second sentence he accentuates the disposition contained in the first by using the age-old phraseology: "To have and to hold the same in fee simple." These words, of course, denote the largest and most perfect title by which property can be held. Now, to those words he adds these: "and to dispose of the same among the children as she may think best."

This expression is the thing out of which this controversy arises. The appellees urge that its significance is not to give the wife a fee simple estate in the property but to engraft upon the devise to her a trust in favor of the children of the testator and his wife. They apparently rely upon the idea that the words used have a precatory sense and that they create that sort of a trust.

The appellants contend that the wife took title to the estate of her husband in fee simple absolute, which is not hewn down to a lesser estate by words of weaker import.

The trial court held with the appellees and by its decree relieved Mr. Kincer of the duty of complying with his purchase of the land. The holding of the court established a trust in the property for the benefit of the children of the testator and his wife. The effect of this is to void two deeds which had been made by Mrs. Gildersleeve and which were links in the chain of title.

██ This court has so repeatedly held that complete dominion and authority over the property devised to one imports a fee simple title in the devisee, that it is unnecessary to cite the cases. It is canonical as to the holding of property in this State and elsewhere, we believe. Here, undoubtedly, the devisee is given an estate in fee simple by clear, unambiguous, and explicit words. This carries the *jus disponendi*. Complete dominion and control and the right of disposition is all that is incident to the perfect ownership of property. This estate is not qualified by the addition of the words: "to dispose of the same among the children as she may think best." It is but repeating a right that the testator had already given to the devisee. The words really have no imperative significance. They afford the motive for the gift.

It will be noted that Gildersleeve and his wife owned the land jointly. Each owned an undivided one-half of it. Of course, when he made his will, he was conscious of the fact that she already owned the one-half interest, with which she could do as she pleased. He simply gave to her his interest that she might deal with the whole as she could al-

ways have done with a part. If the reference to "the children" signified their children, it was not a violent assumption that she might give her own estate to them. If so, she might make the same disposition of his, as would to her seem best. It simply amounted to a suggestion to be adopted or not, as she should choose. The discretion was reposed in her.

In the foregoing paragraphs we have endeavored, by the relations and facts which may be gathered and by the words used by the testator, to descry his intention.

The intention of the testator, if it can be perceived, is the key that unlocks the door to every will.

That this testator meant to give his wife a qualified and limited estate in his undivided one-half of the real estate which they owned jointly and create therein a trust in favor of his children is inconceivable.

Any sort of a trust is a complex and opaque thing at best. It is doubtful if the average normal landowner has any conception of a trust, much less intending that his estate should be administered through one. But, as a rule, he has the utmost confidence in his wife and when the inevitable time comes suggesting the disposition of his worldly goods, he is not only willing but glad to trust her with everything.

Precedents are of little help in the construction of wills because no two are precisely alike. The principal value of the adjudications is their application of the general principles to the facts of the particular case.

In the case of *Gaskins* v. *Hunton,* 92 Va. 528, 531, 23 S. E. 885, 886, we find this statement:

"It is a settled rule of construction, both in deeds and wills, that if an estate is conveyed, or an interest given, or a benefit bestowed in one part of the instrument, by clear, unambiguous, and explicit words, such estate, interest, or benefit is not diminished nor destroyed by words in another part of the instrument, unless the terms which diminish or destroy the estate before given be as clear and decisive as the terms by which it was created. *Rayfield* v. *Gaines,* 17 Gratt. (58 Va.) 1; *Barksdale* v. *White,* 28 Gratt. (69 Va.)

224, 228 (26 Am. St. Rep. 344) ; *Stark* v. *Lipscomb,* 29 Gratt. (70 Va.) 322 (328) ; *Haymond, Trustee* v. *Jones,* 33 Gratt. (74 Va.) 317, 339; 2 Minor's Insts. (4th Ed.) 1057, and cases cited."

The case of *Hall* v. *Palmer,* 87 Va. 354, 12 S. E. 618, 11 L. R. A. 610, 24 Am. St. Rep. 653, is informing as to the principles we have adverted to.

See also, the following cases: *Peyton* v. *Perkinson,* 98 Va. 215, 220, 35 S. E. 450; *Wright's Trustees* v. *Wright,* 104 Va. 8, 12, 51 S. E. 151; *Hawley* v. *Watkins,* 109 Va. 122, 63 S. E. 560.

■ It will be remembered that we suggested that the expression in the clause of the will which we have been discussing might be taken as expressing a motive for the creation of the fee simple estate in the wife. In connection with this we take the following from 1 Harrison's Wills and Administration, page 487, section 244:

"It very frequently happens that a testator in conferring a fee expresses the inducement upon which he acts. These expressions are often not clear in thought and an ambiguity is produced as to whether the testator intended to give a fee or intended to create an interest in other parties in common with the immediate donee or intended to create a trust in the donee. Wherever the gift is made absolutely to the donee, the construction is, as a rule, that the donee takes the absolute estate without regard to the expressions of the testator as to the inducements leading up to the gift."

The thought that the words we have been considering have a precatory significance and that they create such a trust in favor of the children of the testator does not appeal to our favor. In them there is lacking any flavor of a command. There is not even a wish or desire passing from the testator to his devisee, his wife, indicative of a trust.

He gave her unconditionally and in fee simple absolute all of his estate, which necessarily carried with it all of the incidents of ownership. The last phrase simply emphasizes what she already had the right to do and what he expected

she would do but the execution was to be as she might think best.

In 1 Harrison's Wills and Administration, page 565, section 280, is the following:

"At one time precatory words were given almost as much potency as words of unqualified command, but under the modern decisions in many jurisdictions, there must be something more than the mere use of precatory words to stamp upon an estate given a trust."

This distinguished author then states that the decisions in the Virginia and West Virginia appellate courts do not show the same degree of relaxation that appears in the decisions of other States but he concludes with these words:

"If the language used by the testator constitutes mere words of suggestion and advice it does not create a trust. If the words are intended as words of command although expressed in the form of suggestion and advice they create a trust."

It is plain that there are no words in the clause of the will quoted that are intended as words of command. To read such words into it would be to make the will for the testator.

In 22 Amer. & Eng. Ency. of Law (2d Ed.) page 1165, is the following:

"The real question always is whether the wish, desire, or recommendation that is expressed by the testator is meant to govern the conduct of the party to whom it is addressed, or whether it is merely an indication of that which he thinks would be a reasonable exercise of the discretion of the party, leaving it, however, to the party to exercise his own discretion. If the testator intended to leave the execution of his wish wholly to the discretion of the legatee or devisee addressed, no trust arises, * * * .

"The weight of modern authority lays down the rule that in each case the whole will and the situation of the parties must be looked to, and unless it appears therefrom that a trust was intended, none will be held to exist."

Measuring the case in hearing by this rule we cannot perceive that the testator intended to create a trust.

The appellees have cited three Virginia cases upon which they particularly rely. An examination of them discloses that they are not sufficiently in point to be controlling here.

The cases are: *Harrison* v. *Harrison,* 2 Gratt. (43 Va.) 1, 44 Am. Dec. 365, in which the will which was construed gave to Mrs. Harrison no discretion and the objects of the testator's favor were certain and definite. In the will there was no disposition of property, to the first taker, importing absolute ownership.

The second case is *Seefried* v. *Clark,* 113 Va. 365, 74 S. E. 204. In that case the objects of the bounty of the testator were definite and certain and his discretion that his estate be divided *"among his children"* was imperative.

The third case is that of *Bare's Ex'rs* v. *Montgomery,* 143 Va. 303, 130 S. E. 230. In that case the object of the testator's favor was certain and the requirement and his directions were imperative and no discretion was given to his wife as to the provisions which she was to carry out.

It is thus seen that the above cases differ distinctly from the one in hearing.

We hold that Mrs. Gildersleeve took a fee simple estate in the one-half undivided interest of her husband in the land and that her deeds of conveyance under the will passed a good title to her grantees in the respects as to which we have been concerned.

We reverse the decree of the trial court and remand the case to it for the entry of such decree as will effect the pronouncements of this opinion.

*Reversed and remanded.*