**Irene Lester MILLER, Executrix of the Estate of George Varner Miller, deceased, Plaintiff,**

v.

**The UNITED STATES, Defendant.**
**Civ. No. 65–56.**

United States District Court
M. D. Florida,
Orlando Division.
April 10, 1967.

Sidney C. Ward, Ward, Bradford & Oswald, Orlando, Fla., for plaintiff.

Eugene P. Kopp, Dept. of Justice, Tax Division, Washington, D. C., for defendant.

## OPINION

GEORGE C. YOUNG, District Judge.

George V. Miller died testate on April 2, 1960. At the time of his death he resided in Orlando, Orange County, Florida. The plaintiff, Irene L. Miller, is the duly qualified and acting executrix of the Estate of George V. Miller. On May 29, 1961, plaintiff-taxpayer filed an estate tax return with the District Director of Internal Revenue, and paid therewith the sum of $15,641.74. After audit, the Commissioner of Internal Revenue, acting through the District Director of Internal Revenue for the State of Florida, determined that there was a deficiency in estate taxes due from the Estate of George V. Miller. On September 18,

1964, a deficiency was assessed, and after an abatement on September 24, 1964, the deficiency plus interest was paid in the amount of $39,904.58. On December 7, 1964, taxpayer filed a claim for refund of the entire amount with the District Director of Internal Revenue. On January 26, 1965, the Commissioner denied the claim for refund in full.

1. INTERNAL REVENUE CODE OF 1954:
§ 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.
(a) *Allowance of marital deduction.*— For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.
(b) *Limitation in the case of life estate or other terminable interest.*—
(1) *General Rule.*—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—
(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and
(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;
and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—
(C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.
\* \* \* \* \* \*
(5) *Life estate with power of appointment in surviving spouse.*—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the

The complaint in the case at bar was filed April 6, 1965, pursuant to 28 U.S.C. § 1346(a) (1). Plaintiff seeks a refund of $39,904.58 plus interest on the ground that the Commissioner erroneously denied a marital deduction authorized under 26 U.S.C. § 2056(b) (5).[1]

Trust A, created by the Will of George V. Miller,[2] referred to herein as Trust A,

entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—
(A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and
(B) no part of the interest so passing shall, for purposes of paragraph (1) (A), be considered as passing to any person other than the surviving spouse.
This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

2. The will of George V. Miller provides in pertinent part:
*ARTICLE ONE TRUST A*
*ONE-HALF ADJUSTED*
*GROSS ESTATE*
(1) In the event that my wife, PEARL J. MILLER, survives me, I hereby devise and bequeath to IRENE LESTER MILLER of Orlando, Florida, as Trustee, a portion of my estate equal in value to one-half of my adjusted gross estate less such amount as equals the value of all *property and interest in property passing or which has passed* from me to my wife at the time of my death in any manner, except by this provision of my will for which a marital deduction is allowed in computing federal estate taxes or expenses of administration. Said property is hereby given in trust to IRENE LESTER MILLER of Orlando, Florida, in trust, nevertheless, to hold, invest and reinvest and keep invested and to receive the net rents, profits, interest and income accruing therefrom for the uses and purposes hereinafter limited, mentioned and

provides decedent's widow with the right to receive all income from the trust for her life; she is also given a general testamentary power of appointment over the corpus of the trust. "Article Four—Trust Protection" provides that any attempt by the beneficiary to assign the right to income or any levy on income by creditors of the beneficiary will cause the absolute right to income to "cease and determine". In that event the trustee has discretion to pay funds for support of the beneficiary. Any income not so paid is to be accumulated in the corpus of the trust ultimately to be disposed of by the widow's power of appointment.

There is no genuine issue of any material fact so this case is ripe for decision on the joint motion of both plaintiff and defendant for summary judgment made orally at pre-trial conference.

The questions presented are, first, whether Trust A establishes a terminable interest, and secondly, if it is a terminable interest, whether it nevertheless qualifies for the marital deduction as an exception to the terminable-interest rule.

The Seventh Circuit Court of Appeals explained in Citizens National Bank of Evansville v. United States, 359 F.2d 817, 819–820 (7th Cir. 1966):

> The purpose of the marital deduction provision was to extend to spouses in common law estates advantages of married taxpayers in community property states, by permitting the surviving

described. This trust is to be referred to herein as Trust A.

#### LIMITATIONS

(2) This trust shall be subject to the general powers, restrictions or limitations hereinafter set forth.

#### DEATH OF WIFE

(3) Upon the death of my beloved wife, PEARL J. MILLER, the Trustee shall distribute the then remaining principal of Trust A, together with any accrued or undistributed income therefrom, to such appointee or appointees which may include the estate of my said wife in such manner and in such proportions as my said wife may appoint by her will, and to the extent that my said wife shall fail to validly exercise such power to appoint, the principal and any accrued or undistributed income of Trust A shall be added to my Residuary Trust. If within three (3) months from the death of my beloved wife, PEARL J. MILLER, the Trustee shall have no notice or knowledge of the existence of a Last Will and Testament of my said wife, she shall be fully protected in acting upon the assumption that she failed to exercise her power to appoint and in making distribution of Trust A accordingly, such distribution shall be without prejudice to the rights of any appointee or appointees of my said wife to recover the distributed property from any person or persons to whom the Trustee has made distribution, should a will be found after the distribution of Trust A, in which my said wife shall have validly exercised her power to appoint.

#### ARTICLE FOUR—TRUST PROTECTION

If any attempt is made at any time by my said wife or any of my said legatees (the legatees referred to are legatees of a separate residuary trust not pertinent to this action) to alienate, sell, transfer, assign or pledge or to otherwise encumber the whole or any part of the income reserved to my wife, or any legatees or if any creditor or person having claim or demand of any sort against my said wife or any of my legatees, levies an attachment or otherwise attempts to subject income reserved hereunder to my said wife or any of my said legatees to satisfy any debts or obligations, then and in that event from that time forward the absolute right of my said wife or any of my said legatees as beneficiaries to the income of Trust A or the Residuary Trust shall cease and determine. In such event, my Trustee shall have power to pay to my said wife from Trust A and from the Residuary Trust or to extend to her for her support, and for the support of any of my legatees, only such part of such income as my said Trustee shall in her full and uncontrolled discretion determine to be necessary for such support. The decision of my said Trustee as to the propriety of the amount payable for such support shall be conclusive. My said Trustee shall not be compelled in such case to pay to, or for, the benefit of my said wife or any of my legatees any part of such income which would have been payable to them but for the attempted transfer or levy, but as principal by my Trustee. Upon the death of my said wife or any of my said legatees, any accumulated income not paid or extended shall become a part of the principal of the trust from which such principal accrued.

spouse to acquire free of estate tax up to one-half of the decedent's adjusted gross estate, Dougherty v. United States, 292 F.2d 331, 337 (6th Cir. 1961), and to bring about a two-stage payment of estate taxes, United States v. Stapf, 375 U.S. 118, 128 [84 S.Ct. 248, 11 L.Ed.2d 195] (1963). The 'terminable interest' limitation was intended to prevent an escape from tax liability of the second step, i. e., the passing of the surviving spouse's interest to 'any other person' upon termination of her life estate or other terminable interest without estate or gift tax, United States v. Stapf, 375 U.S. at 128 [84 S.Ct. 248]; Dougherty v. United States, 292 F.2d at 337; Commissioner of Internal Revenue v. Ellis' Estate, 252 F.2d 109, 112 (3rd Cir. 1958).

However, exceptions to the terminable-interest rule were engrafted into the scheme. One such exception is the life estate with a general power of appointment. The plaintiff maintains that the bequest here, rather than an exception to the terminable-interest rule, is not a terminable-interest at all. She argues that an interest, to be terminable, must provide that on the happening of an event, the interest passes to someone other than the spouse, and that here, even though the spouse's right to income may "cease and determine" on the occurrence of a given event, the income passes to no one else; in fact, it is to be accumulated in the corpus of the trust, to be ultimately disposed of by the spouse through her general testamentary power to appoint. However, Trust A does not create a terminable interest by virtue of the limitation on the beneficiary's right to receive income; rather, the interest is terminable because the widow is entitled only to a life estate plus a general testamentary power, which by statutory definition is a terminable interest.

█ In all cases, a life estate is a terminable interest. E. g. United States v. First National Trust & Savings Bank, 335 F.2d 107 (9th Cir. 1964); United States v. Lincoln Rochester Trust Co.,

297 F.2d 891 (2d Cir. 1962); McGehee v. Commissioner of Internal Revenue, 260 F.2d 818 (5th Cir. 1958). However, if the remainder is subject to appointment by the surviving spouse to herself, Congress has seen fit to consider this an interest close enough to a fee simple interest received in a community property state to qualify for the marital deduction.

█ In addition, property under a general power of appointment is included in the estate of the donee for estate tax purposes. 26 U.S.C. § 2041. If the marital deduction were allowed for the life estate with remainder over, the property would be taxed in neither the estate of the decedent, nor in the estate of the life tenant; however, when the marital deduction is allowed for the life estate with the general power of appointment, though there is no tax on the donor's estate, there is nevertheless, a tax on the estate of the donee of the power. Therefore, when a general power of appointment is appended to a life estate, the general policy of the terminable-interest rule to avoid evasion of all taxation through a terminable-interest is satisfied by inclusion of the value of the property in the estate of the donee of the power.

However, another factor is present. The entire scheme of the marital deduction was an attempt to equalize tax treatment between spouses in common law jurisdictions and community property jurisdictions. In the community property jurisdiction, the spouse is entitled to a fee simple interest which is an estate of greater proportion than a life estate with a general power of appointment. Therefore, under the federal estate tax law, several prerequisites must appear before the life estate with power of appointment may be considered a deductible terminable-interest. The drafters of the law sought to make the deductible terminable-interest approach the fee simple estate of the community property jurisdiction as closely as possible. If limitations are imposed on the life tenant's right to receive income or

on the power to appoint, the exception to the terminable-interest rule will be inapplicable.[3] The particular requirement with which this case is concerned is that the "surviving spouse (be) entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals \* \*" The issue, then, boils down to this: Does the limitation imposed by the Will of George V. Miller under the provision entitled "ARTICLE FOUR—TRUST PROTECTION" contravene the requirement that the spouse be entitled to an annual income for life?

Treasury Regulations on Estate Tax (1954 Code): Section 20.2056(f)–7 provides:

> An interest passing in trust fails to satisfy the condition set forth in paragraph (a) (1) of this section, that the spouse be entitled to all the income, to the extent that the income is required to be accumulated in whole or in part or may be accumulated in the discretion of any person other than the surviving spouse; to the extent that the consent of any person other than the surviving spouse is required as a condition precedent to distribution of the income; or to the extent that any person other than the surviving spouse has the power to alter the terms of the trust so as to deprive her of her right to the income. An interest passing in trust will not fail to satisfy the condition that the spouse be entitled to all the income merely because its terms provide that the right of the surviving spouse to the income shall not be subject to assignment, alienation, pledge, attachment or claims of creditors.

The government, in effect, concedes that a mere spendthrift provision [4] is not such a limitation that would cause this gift to fail to meet the requirement that the life tenant be entitled to income. However, the provision in question here goes beyond a mere spendthrift provision. It provides that on the happening of the stated contingency, the spouse's right to income shall "cease and deter-

---

3. Treasury Regulations on Estate Tax (1954 Code):

Section 20.2056(b)–5 MARITAL DEDUCTION; LIFE ESTATE WITH POWER OF APPOINTMENT IN SURVIVING SPOUSE.

(a) *In General.* Section 2056(b) (5) provides that if an interest in property passes from the decedent to his surviving spouse (whether or not in trust) and the spouse is entitled for life to all the income from the entire interest or all the income from a specific portion of the entire interest with a power in her to appoint the entire interest or the specific portion, the interest which passes to her is a deductible interest, to the extent that it satisfies all five of the conditions set forth below (see paragraph (b) of this section if one or more of the conditions is satisfied as to only a portion of the interest):

(1) The surviving spouse must be entitled for life to all of the income from the entire interest or a specific portion of the entire interest, or to a specific portion of all the income from the entire interest.

(2) The income payable to the surviving spouse must be payable annually or at more frequent intervals.

(3) The surviving spouse must have the power to appoint the entire interest or the specific portion to either herself or her estate.

(4) The power in the surviving spouse must be exercisable by her alone and (whether exercisable by will or during life) must be exercisable in all events.

(5) The entire interest or the specific portion must not be subject to a power in any other person to appoint any part to any person other than the surviving spouse.

4. "While spendthrift trusts are usually regarded as inclusive of all trusts which bar creditors from reaching a beneficiary's interest, they are, in strict legal nomenclature, to be distinguished from other trusts seeking to protect a trust estate against the grantees, transferees, or assignees of a beneficiary, in that a spendthrift trust operates through the mechanism of a restraint pertaining to an existing trust, whereas other protective trusts protect against alienation and liability for debts of a beneficiary of his interest in the trust by providing for a termination or forfeiture of the trust estate, for discretion in a trustee as to the outgo of benefits from a trust estate to beneficiaries, or other similar devices." 54 Am.Jur. § 148.

mine", in effect, converting her interest into that of a life beneficiary of a discretionary support trust. Clearly, there exists the possibility that someone other than the spouse would have the "power to alter the terms of the trust so as to deprive her of her right to the income." If a creditor, against the will of the spouse, were to attach the income from the trust, the spouse would lose her otherwise unlimited right to income; were this to evolve, the trustee and not the spouse would have the power to accumulate income. It makes no difference that there is no other person to receive the income accumulated and that the spouse has the right ultimately to dispose of the accumulated income. Not only must she have the right to dispose of the corpus, to and including her own estate, but she must have the unlimited right (with the exception that a simple spendthrift provision is permitted) to receive income for her life from the trust.

■■ The power to ultimately dispose of accumulated income at death is not equivalent to the right to receive income during life. While the widow has some power of disposition over the trust income, that power is limited beyond the bounds permitted by the statute.

In Northeastern Pennsylvania National Bank & Trust Co. v. United States, 363 F.2d 476 (3rd Cir. 1966), the surviving spouse was entitled to receive $300. each month for life from a trust established by her decedent husband. She was further given a general testamentary power of appointment over property remaining in trust at her death. Income from the trust exceeding $300. per month was to be accumulated in the trust corpus. The Court refusing to allow a deduction of the entire trust corpus stated:

" * * * The surplus would have to be accumulated and the survivor would have no right to the *present enjoyment* of the excess income, even though, as argued by appellee, she would have the power to appoint it.

Thus, the survivor would not be entitled to the entire income which might come from the corpus, within the intendment of Section 2056(b)(5) of the 1954 Internal Revenue Act. * * * "

In Starrett v. Commissioner of Internal Revenue, 223 F.2d 163 (1st Cir. 1955), decedent's Will established a trust for his widow whereby she was entitled to a life income plus a power to invade the corpus of the trust. The Court agreed that the power to invade was equivalent to a general power to appoint. However, the trust went on to provide that in the event the widow should become incapacitated her right to income and her right to demand payments from corpus would cease, and henceforth, discretion to pay for support would lie in the trustee. After holding that the limitation on the power to appoint (invade the corpus of the trust) failed to satisfy the requirement that the power to appoint be "in all events", the Court went on to say:

" * * * Not only that, but upon the happening of the same terminating condition she would lose the absolute right to demand payment of the trust income, and hence, under the terms of the trust, the surviving spouse was not 'entitled for life to all the income from the corpus of the trust'."

The *Starrett* case demands an even stricter reading of the statute than the case at bar; for in *Starrett,* the surviving widow had already passed away and in fact no actual limitation had ever been imposed. However, since the gift must satisfy the statutory requirements as viewed from the testator's death, Jackson v. United States, 376 U.S. 503, 508, 84 S.Ct. 869, 11 L.Ed.2d 871 (1964), the Court held the mere possibility that a limitation would be imposed was sufficient to disallow the marital deduction.

Jackson v. United States, supra, involved the question of whether or not a family allowance could be considered for purposes of the marital deduction. Al-

though the holding of *Jackson* is inapplicable here, the following remarks of the Court are most appropriate:

" * * * The examples cited in the legislative history make it clear that the determinative factor is not taxability to the surviving spouse but terminability as defined by the statute * * *

* * * * * *

" We are mindful that the general goal of the marital deduction provisions was to achieve uniformity of federal estate tax impact between those States with community property laws and those without them. But the device of the marital deduction which Congress chose to achieve uniformity was knowingly hedged with limitations, including the terminable-interest rule. These provisions may be imperfect devices to achieve the desired end, but they are the means which Congress chose. To the extent it was thought desirable to modify the rigors of the terminable-interest rule, exceptions to the rule were written into the Code. Courts should hesitate to provide still another exception by straying so far from the statutory language * *."

Therefore, summary judgment will be entered by separate order in favor of the defendant, the United States.