VIRGINIA NATIONAL BANK, Executor
and Trustee u/w of Lee B. Zittrain,
Deceased, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 7157.

United States District Court
E. D. Virginia,
Norfolk Division.

Oct. 3, 1969.

Richard B. Spindle, III, Norfolk, Va., for plaintiff.

Helen E. Marmoll, Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM ORDER

KELLAM, District Judge.

Testatrix, a resident of Virginia Beach, Virginia, at the time of her death, executed her will on September 30, 1963. Following her death on December 26, 1963, Virginia National Bank qualified as executor and trustee under the will. The will established Trusts "A" and "B", and Trust "A" gave Mrs. Zittrain's husband the power of invasion. Both parties stipulate that the proper interpretation of the trust provisions in the will determines the tax consequences.

Subsequent to testatrix's death, plaintiff filed with the Internal Revenue Service the appropriate estate tax returns claiming the full marital deduction for Trust "A". The Commissioner disallowed the deduction and an assessment of $8,067.41 in taxes, and $1,288.91 in interest, for a total of $9,356.32, was made and paid on December 4, 1967. The plaintiff filed for a refund and, when it was not forthcoming, it instituted the present action under 28 U.S.C.A. § 1346(a) (1).

The issue before the Court is whether the will of Lee B. Zittrain gives her husband an unlimited right to invade the principal of the trust established in Clause THIRD, as contended by plaintiff, or whether such right of invasion is limited by the language of a spendthrift clause appearing in Clause SIXTH, as contended by defendant. A copy of the will is attached as Appendix 1.

Lee B. Zittrain conferred with the trust officers of the Virginia National Bank concerning making a will. An outline of a will was prepared by the Bank for her, which the Bank sent to an attorney selected to draw her will. After conferences and discussions, the will was drafted in accordance with the memorandum, forwarded to the Bank for approval, approved by the Bank, and executed.

The plaintiff argues that parol evidence is admissible to show the intent of the testatrix. To afford loose application to the admission of parol evidence would be contrary to the very purpose of having a will in writing. Indeed, a major objective of the Statute of Wills was to establish certain standards in the execution of a will so that the testator's wishes could be relegated to paper and that paper serve as his will.

Obviously, there are times when ambiguities may exist and extrinsic means must be resorted to in order to correctly determine a testator's intent. But the rule is hard, set, and the only reasonable one. Where possible, the intent shall be determined from within the four corners of the document.

Where the words are plain, clear, and unambiguous, extrinsic evidence shall not be considered. Gasque v. Sitterding, 208 Va. 206, 156 S.E.2d 576; Davis v. Lynchburg National Bank and Trust Co., 198 Va. 14, 92 S.E.2d 278; Rule v. First National Bank of Clifton Forge, 182 Va. 227, 28 S.E.2d 709; Senger v. Senger, 81 Va. 687; Shelton v. Shelton, 1 Wash. (1 Va.) 53; § 64–84, Code of Virginia, 1950, in effect in 1963. Nor are the testatrix's declarations as to her intentions admissible. To permit this would allow one to orally "rewrite" his will. Coffman's Adm'r v. Coffman,

131 Va. 456, 109 S.E. 454; Smith v. Trustees of The Baptist Orphanage, 194 Va. 901, 75 S.E.2d 491, 493.

Reading the will as a whole, to determine the intention of the testatrix, it appears quite clear her prime desire was to provide for her husband, not only for his needs, but also for his wishes and desires. She gave him the income from her entire estate, with the right to draw the entire principal or corpus of Trust "A" "by his sole act" and by his "request." In "emergencies, such as illness, physical or mental, or accident" the Trustee was given power to use the principal of Trust "A" for her husband.[2] Likewise, the use of the principal of Trust "A" was further available "as my husband deems necessary" for his "general welfare." In addition, if the income from Trusts "A" and "B" and "such other income as may be available to him" was not sufficient "for the maintenance of the standard of living to which he—has been accustomed," the Trustee is authorized to pay further sums out of the principal of Trust "B" for him, provided, that before the funds in Trust "B" were used, the funds in Trust "A" were to be exhausted.

All parties agree that the language used in establishing Trust "A" is sufficient to qualify for the benefits of marital deduction. Defendant says that while Clause THIRD gives a right of invasion of the principal to the husband, it is limited by the language of the spendthrift provisions of Clause SIXTH of the will.

■■ In Section THIRD of the will, Lee B. Zittrain provided:

"To pay to my husband, during his lifetime, the net income therefrom in convenient installments, at least annually, and also to pay to my said husband, *so much or all of the principal thereof as he, by his sole act, may, from time to time and by request to my Trustee, require."* (Emphasis added)

This language is plain, clear, and unambiguous. First, her husband is entitled for life to all the income from the entire interest of Trust "A".[3] In addition, by his sole act, the husband has the power to appoint the entire interest in Trust "A" to himself. It is very clearly spelled out that he may, by his sole act, have "all of the principal." A devise of an estate for life, coupled with the absolute power of alienation, either expressed or implied, comprehends everything and the devisee takes a fee simple estate. Mowery v. Coffman, 185 Va. 491, 39 S.E.2d 285; Hansbrough v. Trustees of the Presbyterian Church, 110 Va. 15, 65 S.E. 467; Farish v. Wayman, 91 Va. 430, 21 S.E. 810. The Virginia Courts also held that although the property may be coupled with a power of disposition for one's support, maintenance and needs, this only expresses the motive of the testator and does not in any way qualify the estate in fee simple. Mowery v. Coffman, 185 Va. 491, 39 S.E.2d 285, citing Conrad v. Conrad's Executor, 123 Va. 711, 97 S.E. 336; Davis v. Kendall, 130 Va. 175, 107 S.E. 751; Farmers Bank of Clinch Valley v. Kinser, 169 Va. 69, 192 S.E. 745.

■ The Court, therefore, finds that parol evidence is neither admissible or needed and that Clause THIRD, paragraph (A) of the will gives the husband of Lee B. Zittrain an estate in fee simple.

But defendant says the gift to the husband is limited or cut down by the provisions of the spendthrift clause appearing in Clause SIXTH of the will.

■ The well established rule of construction is "that the terms or language necessary to rescind or cut down an estate previously created and given must be at least as clear and decisive as the terms or language by which the estate was previously created." Moore

---

2. This power would permit use of the principal of Trust "A" for the husband, in the event of his incapacity, either physical or mental, to make a request of funds.

3. He also receives all of the income from Trust "B" during his lifetime.

v. Holbrook, 175 Va. 471, 9 S.E.2d 447, 450; Michie's Jur. Vol. 20, page 260, § 84, Subject, Wills. There can be no doubt the will gave the husband the power to demand and receive "all of the principal" of Trust "A" "by his sole act." If the spendthrift clause was an attempt to limit this right, it was without effect. It has been held "in all the decisions in Virginia and West Virginia that where any restriction upon the right of the owner to alienate the fee or to control the disposition of any portion of the estate exists in the will, it is void as being repugnant to the estate of the tenant in fee." Moore v. Holbrook, supra, 9 S.E.2d 447, 450. Where a fee is given, any limitation or restraint on alienation is void. In Smith v. Trustees of The Baptist Orphanage, 194 Va. 901, 75 S.E.2d 491, 495, the Court quoting the language of previous decisions, said:

" 'It is a settled rule of construction, both in deeds and wills, that if an estate is conveyed, or an interest given, or a benefit bestowed, in one part of the instrument, by clear, unambiguous, and explicit words, such estate, interest, or benefit is not diminished or destroyed by words in another part of the instrument, unless the terms which diminish or destroy the estate before given be as clear and decisive as the terms by which it was created.' Gaskins v. Hunton, 92 Va. 528, 531, 23 S.E. 885, 886; Farmers Bank [of Clinch Valley] v. Kinser, supra, 169 Va. at page 73, 192 S.E. at page 747; McKinsey v. Cullingsworth, supra, 175 Va. [411] at page 417, 9 S.E.2d [315] at page 317; Evans v. Ockershausen, 69 App.D.C. 285, 100 F.2d 695, 702, 128 A.L.R. 177."

See also Wallace v. Wallace, 168 Va. 216, 190 S.E. 293.

The language in Clause THIRD gives the husband the right to "all of the principal," which is the right to complete dominion and control and the right of disposition. Such right "is all that is incident to the perfect ownership of property." Farmers Bank of Clinch Valley v. Kinser, 169 Va. 69, 192 S.E. 745, 746. "Complete dominion and authority over the property devised to someone imports a fee-simple title in the devisee." Farmers Bank, etc. v. Kinser, supra. Again, the gift in general terms "with the power of disposition, passes to the donee a fee-simple estate in the real estate and absolute ownership of the personalty." Mowery v. Coffman, et al., 185 Va. 491, 39 S.E. 2d 285, 286; Moore v. Hollbrook, supra.

■ Keeping in mind the rule of construction that the "general intent" [4] of the testator expressed in his will is to prevail over a "specific intent" [5] expressed in a part of the will, where effect cannot be given to both intents, Whitehead v. Whitehead, 174 Va. 379, 6 S.E.2d 624, Michie's Jur. Vol. 20, page 247, § 28, Title, Wills, and the rule that where there are inconsistencies, a "specific provision" [6] is to take precedence over a "general provision," [7] no matter in what order they came, Waring v. Bosher, 91 Va. 286, 21 S.E. 464; Wornom v. Hampton Normal, etc., 144 Va. 533, 132 S.E. 344, Michie's Jur. Vol. 20, page 261, § 85, Subject, Wills, the spendthrift clause, if it was intended to encompass the funds in Trust "A," would be repugnant to Clause THIRD, and is void.

It appears from a reading of the will as a whole that the spendthrift clause was not intended to apply to Trust "A." The provisions of the will relating to Trust "A," after giving the right (1) to the husband to withdraw "all of the principal" by "his sole act," without limitation, and (2) to have the trustee spend all or any part of the corpus of said trust for his "general welfare" in the event of his incapacity, mental or physical, directed the Trustee, upon the death of the husband, "to distribute the

4. The intent to provide for her husband.

5. The establishment of a spendthrift trust.

6. Clause THIRD.

7. Clause SIXTH.

principal of this Trust 'A' to my two children." It is interesting to note it does not direct the distribution of what funds, if any, remain in the Trust, but "the principal of this Trust 'A'."

Trust "B" is created out of "the balance of the other one-half (½) of my said residuary estate," [8] and provides for payment of the income to husband, and right of the trustee to use certain parts of the corpus for the support of husband. The language in Trust "B" provides that upon the death of either one or both of Testatrix's children, the share of the deceased child will be distributed to the child's "issue in such proportions and manner as each of my children shall by his or her Last Will and Testament direct, limit and appoint by reference to this power." If either of the children die with issue surviving without having exercised the power of disposition, "the Trustee shall continue to hold this Trust 'B'" and use the income for the issue until the issue arrives at the age of twenty-one years, and then pay such issue the corpus; if either child die without issue and without exercising the power of appointment over the funds in Trust "B", the trustee shall add such deceased child's share to that of the surviving child or its issue; and if both die without issue or having exercised the power of appointment, the funds are to be distributed according to the statute of descents and distribution of Virginia. It is to be especially noted that the gifts over are by the language of the will specifically applicable only to the funds in Trust "B."

Since we are to give effect to the intent of the testatrix as expressed within the four corners of the will, as further evidence of the intent of testatrix to qualify her estate for marital deduction, she provided in Clause FIFTH that if she and her husband should die in a common disaster or under circumstances creating doubt as to which one survived, it should be presumed her husband survived and her estate should be administered as though he survived her, "and

in particular, the one-half of my residuary estate bequeathed and devised in sub-paragraph (A) of paragraph THIRD hereof shall be distributed as therein provided."

■ Construing the will as a whole, and giving full credit to each provision, establishes that the provisions of Clause SIXTH creating a spendthrift trust have no application to the funds in Trust "A." The use of the word "trusts" in the first paragraph has reference and application to the trusts created in Trust "B" for the benefit of the husband, each child, and the issue of the children. It could not have reference to Trust "A" because it prohibits any "assignment, sale, transfer or alienation in any manner by any such beneficiary, nor shall any beneficiary have power in any manner to anticipate * * * such interest." It is repugnant to Trust "A," for there the husband was given the power "by his sole act" to "require" payment of "all of the principal" of that trust. If the husband "required" payment, he would certainly "anticipate" the funds in the trust, and for the trustee to pay over to him any of the corpus would be a "transfer" and assignment of the funds in the trust. To say the language of Clause SIXTH prohibited the husband to assign, sell, transfer or alienate any of the corpus of Trust "A" is to say he could not sell any stocks, bonds, real estate or other assets delivered to him by the trustee upon his request. Giving full credit to each provision of the will relieves the funds in Trust "A" from the provision of the spendthrift provisions.

In considering the marital deduction provisions of the estate tax statutes, 26 U.S.C.A. § 2056, § 2056 of the Internal Revenue Code, it is of some direct relation to the case at hand to note in passing that the general purpose of the 1948 Amendment to the Code creating the marital deduction was to equalize the position of spouses in non-community property states with spouses in com-

---

**8.** Described as the estate remaining after creation of Trust "A", payment of taxes, debts, and specific bequests.

munity property states. The Amendment was made to benefit a testatrix and her husband in states such as Virginia.

Specifically, 26 U.S.C.A. § 2056(b) (5), § 2056(b) (5) of the Internal Revenue Code of 1954, is that portion of the statute or Code setting forth the requirements for allowing the marital deduction where the surviving spouse has a life estate with the power of appointment. In addition to other requirements, not here pertinent, five conditions are set forth, all of which must be satisfied. They are:

(1) The surviving spouse must be entitled for life to all of the income from the entire interest or a specific portion of the entire interest, or to a specific portion of all the income from the entire interest.

(2) The income payable to the surviving spouse must be payable annually or at more frequent intervals.

(3) The surviving spouse must have the power to appoint the entire interest or the specific portion to either himself or his estate.

(4) The power in the surviving spouse must be exercisable by him alone and (whether exercisable by will or during life) must be exercisable in all events.

(5) The entire interest or the specific portion must not be subject to a power in any other person to appoint any part to any person other than the surviving spouse.

The language of the will, taken as a whole, meets this test.

The defendant relies strongly in its brief and oral argument on Miller v. United States, 267 F.Supp. 326 (M.D. Fla.1967). But *Miller* and the present case are easily distinguished. In *Miller* the Government admitted that a mere spendthrift provision does not limit the life tenant's right to the income. ARTICLE ONE of the Miller will falls far short of the definite language creating the interest that is found in the Zittrain will. In *Miller*, too, it is specifi-

cally stated that Trust "A" shall be limited. Such is not the case in Zittrain.

For the reasons hereinabove stated, plaintiff is entitled to a refund from the United States of the total sum paid of $9,356.32, with interest from December 4, 1967.

The Court withholds any ruling on the issue of what sum, if any, plaintiff may be entitled to recover of defendant for expenses incurred in this action, pending a further hearing.

It is ordered that a copy of this Order be forwarded to counsel for all parties, with the direction that they arrange to confer with the Court concerning any further proceedings to be had herein.

APPENDIX 1

CODICIL TO THE LAST WILL
AND TESTAMENT OF
LEE B. ZITTRAIN

WHEREAS, I, Lee B. Zittrain, did on the 30th day of September, 1963, make my last will and testament and whereas I desire to change the same in the respects following, now, I do make this codicil thereto, to be taken as a part thereof, I do hereby add another clause to be inserted after the "Second" clause of my said will and is hereby designated as "Second-A" as follows:

SECOND-A: I give, devise and bequeath unto my *daughter, Dorris Z. Berlin,* and my *son, Lester Eugene Zittrain,* all my interest in my real estate located at *1203 West Princess Anne Road,* in the City of Norfolk, Virginia, in fee simple and absolutely, share and share alike, and free of liens and encumbrances. Should there be any liens due thereon at the time of my death, the liens shall be paid from my residuary estate.

IN WITNESS WHEREOF, I have hereunto set my hand and seal to this Codicil to my Last Will and Testament, at Virginia Beach, Virginia, this 16th day of December, 1963.

_Lee B. Zittrain_

(Seal)

The foregoing signature of the testatrix was made and the foregoing Will was acknowledged to be her Last Will and Testament by the said testatrix, in the presence of us, two competent witnesses, present at the same time; and we, the said witnesses, do hereunto subscribe the said Will on the date last above written, in the presence of the said testatrix and of each other, at the request of the said testatrix, who was then of sound mind and over the age of twenty-one years.

_____ residing at _Virginia Beach, Va_

_____ residing at _Norfolk, Va._

---

## LAST WILL AND TESTAMENT OF LEE B. ZITTRAIN

I, LEE B. ZITTRAIN, a resident of the City of Virginia Beach, Virginia, do make, publish and declare this instrument as and for my Last Will and Testament, hereby revoking all Wills by me at any time heretofore made.

FIRST: I give, devise and bequeath unto my daughter, Dorris Z. Berlin, all of my tangible personal property, in fee simple and absolutely.

SECOND: I give, devise and bequeath unto my _daughter, Dorris Z. Berlin,_ my real estate located at _4603 Atlantic Avenue,_ in the Borough of Virginia Beach, City of Virginia Beach, Virginia, in fee simple and absolutely, and free of liens and encumbrances. Should there be any liens due thereon at the time of my death, the liens shall be paid from my residuary estate.

THIRD: I give, devise and bequeath all the rest, residue, and remainder of my estate, of whatsoever kind and wheresoever situate, as follows:

(A) In the event my husband survives me, I give, devise and bequeath an amount equal to fifty per cent (50%) of my adjusted gross estate, as finally determined for Federal estate tax purposes, less the aggregate marital deduction allowable for property or interests in property which pass to my husband, other than under the terms of this Will provision, to the Virginia National Bank, Norfolk, Virginia, IN TRUST, NEVERTHELESS, as Trust "A", to hold manage, invest and reinvest, to collect the income therefrom, to deduct the costs and expenses thereof, and to pay the net income therefrom and to distribute the principal thereof, as follows:

PAGE ONE—LAST WILL AND TESTAMENT OF

1. To pay to my said _husband,_ during his lifetime, the net income therefrom in convenient installments, at least annually, and also to pay to my said husband, _so much or all of the principal thereof as he, by his sole act,_ may, from time to time and by request to my Trustee, require.

2. In emergencies, such as illness, physical or mental, or accidents involving my husband to use the principal of this Trust "A" to meet the cost thereof, and, as my husband deems necessary, to use the principal of this Trust "A" for the general welfare of my said husband.

3. Upon the death of my said husband, to distribute the principal of this Trust "A" to my two children as follows: ten per cent (10%) to my son, Lester Eugene Zittrain, and ninety per

cent (90%) to my daughter, Dorris Z. Berlin.

(B) I direct that *all* estate, inheritance and succession *taxes* which may be levied at my death by the United States, the Commonwealth of Virginia, and/or any other taxing agency or authority, upon property, real, personal or mixed, then owned solely by me, or then owned by me jointly with some other person or persons, shall be paid *out of my residuary estate which* remains after creation of Trust "A" created in accordance with sub-paragraph (A) hereof; and Trust "A" set forth in sub-paragraph (A) hereof, the bequests and devises set forth in paragraphs "First" and "Second" hereof, all legacies bequests and devises in any codicil(s) hereto, and all jointly owned property, shall be free and clear of such death taxes, and my Executor shall not require any transferee or beneficiary to reimburse my estate for said taxes so paid, nor shall it deduct the same from the share of any beneficiary hereunder.

C) In the event that my husband
PAGE TWO—LAST WILL AND TESTAMENT OF

*[signature: Lee B. Zittrain]*

survives me, I give, devise and bequeath the balance of the other one-half (½) of my said residuary estate, remaining after payment of taxes as provided in sub-paragraph (B) hereof, to the Virginia National Bank, Norfolk, Virginia, IN TRUST, NEVERTHELESS, as Trust "B" to hold, manage, invest and reinvest, to collect the income therefrom and to distribute the principal thereof, as follows:

1. If my husband survives me, to pay the net income therefrom in convenient installments to my said husband until he dies. In the event that the net income from Trust "A", created in sub-paragraph (A) hereof, together with the net income from Trust "B", created in this sub-paragraph and such other income as may be available to him is insufficient

for the welfare and the general benefit of my said husband and for the maintenance of the standard of living to which he, my said husband, has been accustomed, the Virginia National Bank, as Trustee, in its sole discretion, may pay further sums out of the principal of said Trusts to my said husband. I direct my Trustee, the Virginia National Bank, in making payments to my said husband out of the principal of said Trusts to exhaust the principal of Trust "A", created in sub-paragraph (A) hereof, before using any of the principal of Trust "B", created in this sub-paragraph (C).

2. Upon the death of my said husband, or in the event that he predeceases me, this trust shall terminate and my Trustee shall distribute this Trust "B" to my two children as follows: ten per cent (10%) to my son, Lester Eugene Zittrain, and ninety per cent (90%) to my daughter, Dorris Z. Berlin.

3. Upon the death of either one or both of my said children, my Trustee shall distribute their respective shares of this Trust "B" to their respective issue in such proportions and manner as each of my children shall by his or her Last

PAGE THREE—LAST WILL AND TESTAMENT OF

*[signature: Lee B. Zittrain]*

Will and Testament direct, limit and appoint by reference to this power.

4. In the event that either or both of my children die prior to distribution to them of their respective shares in the remainder of this Trust "B" and each of said children has issue surviving and said children have not exercised his or her foregoing limited power of appointment, my Trustee shall continue to hold this Trust "B", shall pay to, accumulate for or apply for the benefit of the issue of my children, to which these events apply, the net income in equal shares for such issue, per stirpes and not per capita, and shall likewise distribute the principal to each such issue as he or she attains the age of twenty-one years.

5. In the event that either of my children die prior to distribution to said child of his or her share of the remainder of this Trust "B" and he or she leaves no issue surviving and he or she has not exercised his or her foregoing limited power of appointment, my Trustee shall add the deceased child's share of this Trust "B" to the surviving child's share, if living, otherwise to the surviving issue of the last named child; and if both children die prior to distribution to them of their shares in this Trust "B", leave no surviving issue and have not exercised their foregoing limited powers of appointment, my Trustee shall distribute this Trust "B" to my distributees at law in accordance with the statutes of descent and distribution of the Commonwealth of Virginia then in effect, as if he had died as of the date of the termination of this Trust "B".

FOURTH: My Trustee and Executor are expressly empowered and authorized to:

(A) Keep and retain any and all investments and properties, either real, personal or mixed, as they may be at the time that they come into custody of

PAGE FOUR—LAST WILL AND TESTAMENT OF

said Trustee or Executor, if in its judgment it is advisable to do so.

(B) Sell, assign, exchange, transfer and convey or otherwise dispose of any or all of the securities and property, either real, personal or mixed, which may be included in, or may at any time become part of the trust estate, upon such terms and conditions as they, in their absolute discretion, may deem advisable, at either public or private sale, either for cash or deferred payments or other consideration, as they may determine; and for the purpose of selling, conveying, exchanging, or transferring the same, to make, execute, acknowledge and deliver any and all instruments of conveyance, deeds of trusts, or assignments in such form and with warranties and covenants as they may deem expedient, and proper; and in the event of any sale, conveyance, exchange, or other disposition of any of the trust estate, the purchaser shall not be obligated in any way to see to the application of the purchase money or other consideration passing in connection therewith.

(C) Lease any or all of the real estate, which may be included in or at any time become a part of the trust estate, upon such terms and conditions as said Trustee or Executor, in its sole judgment and discretion may deem advisable, and any lease or leases made by them may by possibility extend beyond the term of these trusts, and for the purpose of leasing said real estate, to make, execute, acknowledge and deliver any and all instruments, in such form and with such covenants and warranties as it may deem expedient and proper.

(D) Invest and reinvest all of the funds of the estate as said Trustee and Executor, in its sole discretion may deem best, including stock, common and preferred, without being restricted to those

PAGE FIVE—LAST WILL AND TESTAMENT OF

securities expressly approved by statute for investment by fiduciaries; and to change investments from realty to personalty, and vice versa.

(E) Vote any stocks, bonds, or other securities held by them at any meeting of stockholders, bondholders, or other security holders, and to delegate the power to so vote to attorneys in fact or proxies under power of attorney, restricted or unrestricted.

(F) Make division or distribution in money or in kind or partly in money and partly in kind, including securities, real property and undivided interests in real or personal property making the necessary equalizations in cash, at values to be determined by my Trustee and Executor, whose judgment as to values shall

be binding and conclusive upon all parties at interest.

(G) Employ and compensate, out of the principal income of the trust estates as to it shall seem proper, agents, brokers, attorneys, and assistants deemed by it to be necessary or proper for the administration of the trusts, without liability for any neglect, omission, misconduct, mistake, or default of any agent, broker, attorney, or assistant selected or retained with reasonable care.

FIFTH: I direct that in the event my said husband and myself die in a common accident or disaster, or under circumstances creating doubt as to which one survives the other, my husband shall be presumed to have survived me and my estate shall be administered as though my husband survived me, and in particular, the one-half of my residuary estate bequeathed and devised in subparagraph (A) of paragraph "THIRD" hereof shall be distributed as therein provided.

PAGE SIX—LAST WILL AND TESTAMENT OF

_Lee B. Zittrain_

SIXTH: Notwithstanding anything herein to the contrary, no interest of any beneficiary in income or principal of the trusts created by this will shall be subject to pledge, encumbrance, assignment, sale, transfer, or alienation in any manner by any such beneficiary, nor shall any beneficiary have power in any manner to anticipate, charge or encumber such interest nor shall such interest of any beneficiary be in any manner liable for or subject to the debts, contracts, liabilities, engagements * or torts of such beneficiary.

If at any time a beneficiary hereof shall attempt to pledge, encumber, assign, sell, transfer or alienate all or any part of his interest in the income or principal of the trust created by this will, or if a petition in bankruptcy shall be filed by or against any such beneficiary, or if any creditor, tort claimant, dependent or other person or persons,

natural or corporate, or any Government, shall attempt by proceedings in any court or by any statutory process to subject all or any part of the interest of a beneficiary hereunder in the income or principal of the trusts created by this will, to the payment of any claim or demand whatsoever, including without limitation upon the generality of the foregoing, a claim for alimony, then the entire interest of such beneficiary in such trust shall immediately cease and determine. Thereafter, during the life of such beneficiary or until the prior termination of the trust, the Trustee may pay to or expend for the care and support of such beneficiary such amounts only as the Trustee may from time to time in its discretion deem proper, from either the income or principal of the Trust Estate to which the beneficiary would be entitled but for this provision, and any surplus income not so used may in the discretion of the Trustee be expended for the support and maintenance of the spouse, lineal descendants and dependents of such beneficiary or any one

PAGE SEVEN—LAST WILL AND TESTAMENT OF

_Lee B. Zittrain_

or more of such persons or in the discretion of the Trustee, any such surplus income may be retained by the Trustee and added to the principal from which such income was derived.

SEVENTH: I hereby nominate and appoint the Virginia National Bank, Norfolk, Virginia, as Executor of this my Last Will and Testament, and I direct that no security shall be required of it as such Executor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal to this my Last Will and Testament, at Virginia Beach, Virginia, this *30th* day of September, 1963.

_Lee B. Zittrain_

**1156**

The foregoing signature of the testatrix was made and the foregoing Will was acknowledged to be her Last Will and Testament by the said testatrix, in the presence of us, two competent witnesses, present at the same time; and we, the said witnesses, do hereunto subscribe the said Will on the date last above written, in the presence of the said testatrix and of each other, at the request of the said testatrix, who was then of sound mind and over the age of twenty-one years.

_____ residing at _Norfolk, Va._

_____ residing at _Virginia Beach, Va._

---

## PAGE EIGHT—LAST WILL AND TESTAMENT OF LEE B. ZITTRAIN VIRGINIA:

In the Clerk's Office of the Circuit Court of Virginia Beach, Virginia, on the 14th day of January, 1964.

Paper writings purporting to be the last will and testament of Lee B. Zittrain, deceased, late of the City of Virginia Beach, who departed this life on the 26th day of December, 1963, with codicil attached, was this day produced in office and offered for probate. And thereupon came P. W. Ackiss, one of the subscribing witnesses to the said will, who having been first duly sworn, testified that the said Lee B. Zittrain, the testator, signed, sealed, published and declared the same as and for his last will and testament in his presence and in the presence of Dorothy R. Swanson, the other subscribing witness thereto, and that they, the said P. W. Ackiss and Dorothy R. Swanson, in the presence of the testator, at his request, and in the presence of each other, all being present together at the same time, subscribed their names as witnesses thereto. And thereupon came P. W. Ackiss, one of the witnesses to the codicil, who having been first duly sworn, testified that the said Lee B. Zittrain, the testator, signed, sealed published and declared the same as and for a codicil to his will, in his presence and in the presence of Dorothy R. Swanson, the other subscribing witness thereto. Whereupon it is considered that the said paper writings have been duly and fully proved, and the same are ordered to be admitted to record as the true last will and testament, with codicil, of Lee B. Zittrain, deceased.

And thereupon on motion of the Virginia National Bank, Norfolk, Virginia, the Executor, therein named, who took the oath prescribed by law, entered into and acknowledged a bond in the penalty of Two Hundred Thousand ($200,000.00) Dollars without surety (None required by will), conditioned according to law, a certificate is granted the said Virginia National Bank for obtaining letters of probate and administration on the estate of Lee B. Zittrain, deceased, in due form.

And it is ordered that said bond be recorded.

TESTE: JOHN V. FENTRESS, CLERK

By: _Margaret M. Hood_ D.C.

A Copy Teste: John V. Fentress, Clerk