# Richmond.

## BING AND OTHERS v. BURRUS AND OTHERS.

January 24, 1907.

Absent, Whittle, J.

1. WILLS—*General Devise with Power to Alien—Fee—Remainders.*—If an estate is devised to a person, generally or indefinitely, with power of disposition, the devisee takes the fee, and if there is a limitation over it is void as a remainder, being after a fee, and void as an executory devise, since it is indefinite and uncertain, being in effect a limitation of so much only as the devisee may not have disposed of.

2. WILLS—*Case in Judgment—Devise with Power to Alien—Fee Simple.*

A testator devised land to his three sons, with direction that if either desired to sell his part of the land the other or others should have the option to purchase at the best price to be obtained from any outside party, and if sold as above directed, it should be on credit of one, two, and three years, for equal installments thereof, with interest on the same at six per cent. By a subsequent clause the testator says: "If any of my children to whom I have given real estate should die without lawful heir his or her part of the estate shall be equally divided between my other children to whom I have given real estate."

*Held*: The three sons took fee-simple estates in the land devised to them.

Appeal from a decree in chancery of the Circuit Court of Albemarle county. Decree for the defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Duke & Duke,* for the appellants.

*Walker & Sinclair* and *Daniel Harmon,* for the appellees.

BUCHANAN, J., delivered the opinion of the Court.

The appellants filed their bill in the Circuit Court of Albemarle county for the purpose of having the will of Robert D. Burrus construed, and for the partition of an 165-acre parcel of land in which they claimed an interest, under a proper construction of the will, upon the death of Joseph I. Burrus, one of the devisees.

Upon a hearing of the cause the Circuit Court held that Joseph I. Burrus took a fee simple in the land devised him, that the appellants had no interest therein, and dismissed their bill.

The appellants only assign one error, and that is that the Circuit Court erred in holding that Joseph I. Burrus took a fee simple instead of a life estate in the lands sought to be partitioned.

While the whole will of a testator is to be looked to in order to ascertain his intention, there are only two clauses of the will whose construction is asked in this case that shed any light upon the question involved in this assignment of error. Those clauses are the third and eighth, and are as follows:

"Third. I desire and direct that the farm on which I now reside, known as the 'Home tract,' and the tract of land known as the 'Patsy Davis tract,' and twenty-six acres of the 'Snow tract,' which adjoins the 'Patsy Davis tract,' shall be equally divided between my three sons, viz: Robert D. Burrus, Benjamin B. Burrus and Joseph I. Burrus. I further desire and direct that, if either of my sons above mentioned desires to sell his part of the land, the preference of purchase shall be given to one or both of his brothers above mentioned, provided they will pay as much for the land as can be obtained for it from any outside party; and if it should be sold as above directed the purchaser or purchasers shall have one, two and three years'

time in which to pay the principal in *equal installments,* with interest on same at six *per cent.*"

"Eighth. I further will and direct that if any of my children to whom I have given real estate should die without lawful heir, his or her part of real estate shall be equally divided between my other children to whom I have given real estate."

The general rule is that where an estate for life is devised, coupled with an absolute power of alienation, either express or implied, it comprehends everything, and the devisee takes the fee. See *Honaker* v. *Duff,* 101 Va. 675, 44 S. E. 900, where numerous authorities are cited and commented upon; *Brown* v. *Strother,* 102 Va. 145, 47 S. E. 236, and cases there cited; 2 Min. Inst. (4th Ed.) 917, and cases cited.

It is also the general rule, and for stronger reasons, that where an estate is devised to a person, generally or indefinitely, as contrasted with a devise for life with power of disposition, the devisee takes the fee; and that in such case, if there be a limitation over, it is void as a remainder being after a fee, and void as an executory devise, since it is indefinite and uncertain, being in effect a limitation of so much only as the devisee may not have disposed of. See *Madden* v. *Madden,* 2 Leigh 377 (Va. Rep. Ann.), and cases cited in note; *Honaker* v. *Duff, supra,* and authorities cited, especially Prof. Graves' article in 3 Va. Law Reg. 65 to 68, 2 Min. Inst. (4th Ed.) 915-917.

Applying this rule of construction to the will under consideration, it is clear, we think, that under the third clause of the will above quoted Joseph I. Burrus took a fee simple in the land devised him. The land is devised generally, with an express recognition of the devisee's right to sell. The desire and direction of the testator that if either of the sons who take under that clause of the will wishes to sell his part of the land the preference of purchase shall be given to one or both of his brothers named, provided they will pay as much for it as can be obtained from any other person, do not deprive the devisees of the absolute power of sale; neither does the provision that if

a sale is made it shall be on a credit contemplate a reinvestment of the proceeds of sale, as is argued, or limit the right of the devisee who sells of making any use he sees proper of such proceeds. There is nothing in either of these provisions, as it seems to us, which indicates an intention on the part of the testator that the devisees under that clause should take less than a fee simple in the estate devised. This being so the appellants had no interest in the land they sought to have partitioned, and the Circuit Court properly dismissed their bill.

Having reached this conclusion it is unnecessary for us to consider or express any opinion upon the effect of the amendments to section 2562 of the code of 1887 by the Acts of Assembly approved February 23, 1898 (Acts 1897-'98, page 488), and December 31, 1903 (Acts 1902-'3-'4, pages 835, 836).

The decree appealed from must be affirmed.

*Affirmed.*