# Richmond

R. S. HALL, EXECUTOR, &C. v. CORA CAMPBELL HOAK, ET ALS.

January 14, 1946.

Record No. 2975.

Present, All the Justices.

The opinion states the case.

*J. Lynn Lucas* and *H. Thornton Davies*, for the appellant.

*J. Everett Will* and *W. V. Ford*, for the appellees.

GREGORY, J., delivered the opinion of the court.

This suit was instituted in the trial court to enjoin R. S. Hall, executor under the last will and testament of Mattie Seekford, from selling the estate of his decedent. An order for a temporary injunction was entered and, upon application, it was enlarged and perpetuated by a final decree in the

cause, in which the title to 6 acres and 16 poles was established in the complainants in the suit. That decree is now before us for review.

The cause was heard in the trial court upon the bill of complaint, the exhibits filed therewith and the joint answer of the defendants.

The facts and the issue are clearly disclosed from the pleadings and the exhibits, and they may be stated thus: On the 26th day of November, 1906, Lucy M. Pendergast and her husband, by deed conveyed to William Seekford, of Adam, a tract of land containing 6 acres and 16 poles. This deed was duly recorded in the clerk's office. The granting portion of the deed was in this language:

"Said parties of the first part doth this day bargain, sell and convey unto the party of the second part a certain tract or parcel of land situate in Page county", &c.

In the habendum clause of said deed is found this language:

"To have and to hold, together with all the appurtenances thereto belonging, and in the event that the said William Seekford should die leaving no children the property herein conveyed shall then be the property of Mattie E. Seekford, wife of the said William Seekford, nevertheless the said William Seekford may sell and convey the said land at any time during his natural life * * * ."

The only issue presented by this appeal arises from a proper construction of the deed. Did William Seekford take a fee simple estate in said tract, or did he take a life estate with remainder to his widow? The trial court held that William Seekford took a fee simple estate under said deed.

The events subsequent to the delivery of the deed from Lucy M. Pendergast and husband to William Seekford are that William Seekford died testate in the year 1938. He had no children nor the descendants of any children surviving him, but did leave surviving him his widow, Mattie Seekford. His will bore the date of November 23, 1937, and was admitted to probate in the clerk's office of Page county on

the 28th of December, 1938. In this will he made certain provisions,—among them are items 3 and 4 which are involved here. They are:

"3.—I hereby give, devise and bequeath unto my said wife, Mattie Seekford, all of my real estate which at present consists of about 28 acres of land in the Leaksville-Alma road, and upon which I have my residence and filling station; to be used by my said wife, Mattie Seekford, during the term of her natural lifetime.

"4.—Upon the death of my said wife, Mattie Seekford, I direct that the remainder of my personal estate and all of my real estate shall descend to and become the property of the children of Thomas Campbell and his present wife, Etta Campbell, share and share alike."

The beneficiaries under the 4th item of the will of William Seekford were the complainants in the cause below and are the appellees here. The 6 acres and 16 poles tract, which is involved here, was included in items 3 and 4.

Mattie Seekford, the widow of William Seekford, died testate on the 3rd day of June, 1944. By her last will and testament which was written on March 21, 1939, and admitted to probate on June 7, 1944, she attempted to authorize and empower her executor, R. S. Hall, to make sale of her estate, including the 6 acres and 16 poles, and to divide the proceeds among the defendants below, except Hall, executor. Hall duly qualified as such executor, and in accordance with the directions of her will, he advertised the property of the decedent for sale. As already stated, the complainants in the trial court filed their bill of complaint against Hall, executor, and others, asking that he be perpetually enjoined from making sale of the 6 acres and 16 poles tract of land, and that the title thereto in fee simple be adjudged to be vested in the children of Thomas Campbell and his present wife, Etta Campbell, pursuant to the terms and provisions of the last will of William Seekford. The prayer of the bill was granted.

The complainants in the circuit court, the appellees here, contended that the grantors in the deed of 1906 conveyed to

William Seekford a fee simple title to the 6 acres and 16 poles tract of land, while the defendants in the trial court, the appellants here, maintained that the said deed conveyed the estate to William Seekford with remainder over to his wife, Mattie Seekford, if the said William Seekford died leaving no children. He left no children, therefore they contend that upon his death Mattie Seekford was vested with the fee.

A careful reading of the said deed plainly discloses that there is no limitation placed upon the estate conveyed to William Seekford. The estate is granted to him in general terms. In addition to this, in the habendum clause he is granted the unlimited power to sell and convey the said 6 acres and 16 poles during his natural life.

It is observed that no gift to any children that might have been born to William Seekford and his wife was made in the deed.

Under Code, sec. 5149 (Michie), an estate granted in general terms carries the fee. The statute reads:

"Where any real estate is conveyed, devised, or granted to any person without any words of limitation, such devise, conveyance or grant shall be construed to pass the fee simple or other the whole estate or interest which the testator or grantor had power to dispose of in such real estate, unless a contrary intention shall appear by the will, conveyance or grant."

The appellants argue that this language in the habendum clause shows a contrary intent, making section 5149 inapplicable: "and in the event that the said William Seekford should die leaving no children, the property herein conveyed shall then be the property of Mattie E. Seekford, wife of the said William Seekford." They also contend that the express power granted William Seekford to sell and convey the said tract of land at any time during his natural life was surplusage, and that Code, sec. 5151 applies. That section reads:

"Every limitation in any deed or will contingent upon the dying of any person without heirs, or heirs of the body,

or issue, or issue of the body, or children, or offspring or descendant, or other relative, shall be construed a limitation, to take effect when such person shall die not having heir or issue, or child or offspring, or descendant, or other relative, as the case may be, living at the time of his death, or born to him within ten months thereafter, unless the intention of such limitation be otherwise plainly declared on the face of the deed or will creating it."

It is to be noted that section 5151 does not contemplate a limitation wherein an express and unlimited power to the grantee or donee to dispose of the estate during his lifetime is created in the deed or will. If we apply the statute we would be compelled to disregard the provision which grants to William Seekford the absolute power to sell and convey the property. For that reason it would seem that the section has no application in such cases.

If William Seekford had died leaving children surviving him they would have taken no estate for no gift was made them. His widow would have taken no estate because the condition that he die without issue was essential to the vesting of the estate in her. In other words, the deed made no provision for the contingency of William Seekford dying with children surviving him. In that event, the remainder to the widow would have been eliminated, and if it be assumed that William Seekford took only a life estate by implication under the deed, the express power of disposition would have rendered his estate one in fee under *May v. Joynes*, 20 Gratt. (61 Va.) 692, and the many subsequent cases which follow that case.

We are not permitted to delete from the deed the express power granted therein to William Seekford to dispose of the said tract of land during his natural life. This right of disposal was absolute and unlimited. If this power had not been conferred in the deed it could have been argued with plausibility that sec. 5151 applied and that the fee vested in Mattie Seekford upon the death of her husband without children. It also could have been argued that William Seekford took a defeasible fee in said land or a fee subject

to a condition subsequent, that is, dying without children. But the fact is the absolute power of disposal was conferred upon William Seekford in the deed and the language conferring that power must be considered and given effect in construing the deed. A failure to consider it would vitiate the intent of the grantor.

The fact that William Seekford was limited in the means of making disposition of the tract to a conveyance by deed and was not given the power to dispose of it by his will does not change the rule. He was given the absolute and unlimited power to sell and convey the tract at any time during his lifetime. This gave him absolute dominion over it and is equivalent to ownership. *Avant* v. *Cook,* 118 Va. 1, 86 S. E. 903, and *Davis* v. *Kendall,* 130 Va. 175, 107 S. E. 751. See also, Digest of Va. and W. Va. Reports, Per. Sup. (Michie), Vol. 5, p. 348.

Section 5147 of the Code (Michie), has no application to the present case, first, because that section, in so far as applicable to validating the limitation in remainder over after the initial estate was not enacted until 1908, while the deed here for construction was delivered in 1906. Another sufficient reason for the inapplicability of that statute is that by its express terms it applies only where an estate is granted *for life,* while in the present case the estate was granted in general terms and not for life.

The two latest expressions of this court with reference to Code, sec. 5147, and the doctrine of *May* v. *Joynes, supra,* are *Moore* v. *Holbrook,* 175 Va. 471, 9 S. E. (2d) 447, and *Rule* v. *First Nat. Bank,* 182 Va. 227, 28 S. E. (2d) 709. Those cases particularly discuss section 5147 in connection with the remainder over after the granting of full power of disposition in the first grantee or donee.

The doctrine of *May* v. *Joynes, supra,* does not apply here because under it the devise must be for life with absolute power of disposition in the life tenant, while here the grant was in general terms which, under Code, sec. 5149, is made a grant in fee. However, that doctrine is but an extension of the rule that where property is granted or

devised to a person generally or in fee, if he is thereafter given full power to dispose of the property, a remainder over to another is not only void but is against the law. He who has absolute power over an estate thereby acquires the absolute property. *Rule* v. *First Nat. Bank, supra,* and *Southworth* v. *Sullivan,* 162 Va. 325, 173 S. E. 524.

It is insisted that it was the intent of the grantor that Mattie Seekford have the fee in the tract, if her husband should predecease her leaving no children, and that intent should prevail. There is no doubt but that the grantor did so intend when he made the deed and generally the intent, when manifest, should prevail unless it run counter to a rule of law. Here if the grantor possessed such intent we cannot give it effect, because to do so would, in effect, set aside a well recognized rule of law that no remainder can be limited upon a fee. In *Rule* v. *First Nat. Bank,* we said: "Hence when he plainly intends a fee, * * * a fee is given, but his intent to limit a remainder on a fee is avoided, not that the court fails to perceive the intent, but because it is against the law."

We rest the decision of this case upon the proposition that where an estate is vested in fee simple, no remainder can be limited thereon, for the reason that there can be nothing left after a fee simple. If there is a gift to a person, generally or indefinitely, with full power of disposition, such person takes the fee simple and any limitation over is void. This rule is not affected by Code, sec. 5147, because the statute only applies to an estate granted expressly *for life.*

One of the inseparable incidents of a fee simple is that no restriction can be imposed upon the estate. Any attempt to limit or restrict the rights of the owner of such estate is repugnant to his estate and void. Minor on Real Property, 2d Ed., Vol. 1, section 707, and Wills and Administration, Harrison, Vol. 1, section 243 (4).

This ancient rule controls the case at bar, and compels the conclusion that William Seekford took a fee simple estate under the deed to him from Lucy M. Pendergast and her husband.

*Bing* v. *Burrus*, 106 Va. 478, 56 S. E. 222, decided before the amendment of sec. 5147 in 1908, is strong authority here. There it was held:

"It is also the general rule, and for stronger reasons, that where an estate is devised to a person, generally or indefinitely, as contrasted with a devise for life with power of disposition, the devisee takes the fee; and that in such case, if there be a limitation over, it is void as a remainder being after a fee, and void as an executory devise, since it is indefinite and uncertain, being in effect a limitation of so much only as the devisee may not have disposed of. See *Madden* v. *Madden*, 2 Leigh (29 Va.) 377, and cases cited in note; *Honaker* v. *Duff, supra* [101 Va. 675, 44 S. E. 900], and authorities cited, especially Prof. Graves' article in 3 Va. Law Reg. 65 to 68; 2 Min. Inst. (4th Ed.) 915-917.

"Applying this rule of construction to the will under consideration, it is clear, we think, that under the third clause of the will above quoted Joseph I. Burrus took a fee simple in the land devised him. The land is devised generally, with an express recognition of the devisee's right to sell. The desire and direction of the testator that if either of the sons who take under that clause of the will wishes to sell his part of the land the preference of purchase shall be given to one or both of his brothers named, provided they will pay as much for it as can be obtained from any other person, do not deprive the devisees of the absolute power of sale; neither does the provision that if a sale is made it shall be on a credit contemplate a reinvestment of the proceeds of sale, as is argued, or limit the right of the devisee who sells of making any use he sees proper of such proceeds. There is nothing in either of these provisions, as it seems to us, which indicates an intention on the part of the testator that the devisees under that clause should take less than a fee simple in the estate devised. This being so the appellants had no interest in the land they sought to have partitioned, and the circuit court properly dismissed their bill."

The decree is accordingly affirmed.

*Affirmed.*