# $\mathfrak{Staunton}$

## CHARLES L. MOWERY v. LUTHER A. COFFMAN, ET AL., ADMINISTRATORS.

September 11, 1946.

Record No. 3079.

Present, All the Justices.

The opinion states the case.

*Bauserman & Bauserman* and *Armstrong & Marshall*, for the appellant.

*J. Lynn Lucas, Ripley S. Walker, R. Gray Williams* and *J. Sloan Kuykendall*, for the appellees.

EGGLESTON, J., delivered the opinion of the court.

This appeal involves the construction of the will of Perry Rickard, probated on March 25, 1921. After providing for the payment of his debts, funeral expenses, and several small bequests, the testator wrote:

"6. I give, devise and bequeath to my beloved wife, Virginia V. Rickard all my real and personal estate of any and every kind of which I shall die seized and possessed except as above disposed of with full authority to dispose of any part thereof that she may deem necessary for her support and maintenance.

"7. I will and direct that after the death of my said wife, if she survives me, my Executor hereinafter appointed, shall

sell all my real and personal estate then remaining in such manner and at such reasonable time thereafter as he shall think best. Out of the proceeds of said sales I hereby will and direct that my said Executor pay all debts and burial expenses of my said wife, and the residue thereof I give and bequeath to Annie E. Tisinger, Luther Coffman, Charles L. Mowery and Asa S. Sheetz in equal shares and in the event that the said Annie E. Tisinger shall not be then living at the death of my said wife the said residue shall be equally divided between said Luther A. Coffman, Charles L. Mowery, and Asa A. Sheetz."

Upon the death of the testator the widow, Virginia V. Rickard, took possession of the real and personal property bequeathed and devised to her. Mrs. Rickard died on May 10, 1944, leaving by will her entire estate to Luther A. Coffman. In the meantime Annie E. Tisinger and Asa A. Sheetz had died, and hence the provisions made for them in paragraph 7 of the will of Perry Rickard had lapsed. The surviving remaindermen mentioned in the will are, therefore, Luther A. Coffman and Charles L. Mowery.

Coffman successfully contended in the court below that under paragraph 6 of Perry Rickard's will, Mrs. Rickard was given a fee-simple estate in the real property and an absolute estate in the personal property; that the limitation over to the remaindermen of that portion of the testator's estate "then remaining" and not disposed of by her, under paragraph 7, was void for repugnancy; and that he (Coffman) became entitled to the estate as the sole beneficiary under the will of Mrs. Rickard.

Mowery, on the other hand, contends that under the quoted provisions in the will, Mrs. Rickard took only a life estate in the property devised and bequeathed to her, with power in her to dispose of such portion thereof as she might deem necessary for her support and maintenance; that the provision for the remainder over of such part of the estate "then remaining" or not disposed of by the widow, is valid, and that, therefore, such "remaining" property is owned jointly by him and Coffman.

The argument of the appellant, Mowery, runs thus: A reading of both clauses of the will together shows a clear intent that the widow was to have only a life interest in the property, with power to dispose of and use only such portion of the corpus as she might "deem necessary for her support and maintenance," and that upon her death that portion of the corpus not disposed of was to pass to the remaindermen.

We cannot agree with this contention. The principles upon which the trial court based its conclusion are so firmly fixed in this jurisdiction as to be no longer debatable.

After several minor bequests the testator says: "I give, devise and bequeath to my beloved wife, Virginia V. Rickard all my real and personal estate of any and every kind of which I shall die seized and possessed except as above disposed of with full authority to dispose of any part thereof that she may deem necessary for her support and maintenance."

We have repeatedly held that a gift in such general terms, with the power of disposition, passes to the donee a fee-simple estate in the real estate and absolute ownership of the personalty. Among the recent cases are, *Southworth* v. *Sullivan*, 162 Va. 325, 339, 340, 173 S. E. 524; *Moore* v. *Holbrook*, 175 Va. 471, 475, 9 S. E. (2d) 447, 449; *Hall* v. *Hoak*, 184 Va. 821, 825, 36 S. E. (2d) 567, 568.

We have also held that the gift of property coupled with a power of disposition "for the support and maintenance," and the like, of the donee, merely expresses the motive for the gift and does not qualify or detract from the fee-simple estate passed on to the donee. *Conrad* v. *Conrad*, 123 Va. 711, 716, 717, 97 S. E. 336; *Davis* v. *Kendall*, 130 Va. 175, 195, 107 S. E. 751; *Farmers Bank* v. *Kinser*, 169 Va. 69, 72, 192 S. E. 745, 746.

Since the decision in 1871 in *May* v. *Joynes*, 20 Gratt. (61 Va.) 692, it has been consistently held in Virginia that where the first taker is given absolute dominion over property, the attempted gift over to another "of what remains

undisposed of," or the like, upon the first taker's death, is void for repugnancy.

This is so regardless of how clearly the testator may have expressed the intent to effect a gift over after the death of the first taker in whom he has vested a fee-simple estate. The remainder over is void, not because the court does not perceive the testator's intent, but because the attempted gift violates a fundamental rule or canon of property that after a donee has been given a fee in property, such fee cannot be qualified or limited by a gift over to another of such portion of the property as the donee may not have consumed or disposed of. Or, as was said in *Moore* v. *Holbrook, supra* (175 Va., at page 479, 9 S. E. (2d) at page 451), "if the intention of the testator, which is always of primary importance in the construction of wills, runs counter to a well-established principle of law, the intention must yield."

See also, *Conrad* v. *Conrad, supra* (123 Va., at pages 721, 722); *Rule* v. *First Nat. Bank*, 182 Va. 227, 231, 28 S. E. (2d) 709, 710; *Hall* v. *Hoak, supra* (184 Va., at pages 827, 828, 36 S. E. (2d) at page 570).

This principle, as applied to the case at bar, is not affected by Code, section 5147, because, as we have held, that statute validates a gift over only where the first taker is given an *express estate for life*, coupled with the absolute power of disposition. *Southworth* v. *Sullivan, supra* (162 Va., at page 338); *Moore* v. *Holbrook, supra* (175 Va., at page 477, 9 S. E. (2d) at page 450); *Rule* v. *First Nat. Bank, supra* (182 Va., at page 232, 28 S. E. (2d) at page 710); *Hall* v. *Hoak, supra* (184 Va., at page 828, 36 S. E. (2d) at page 570).

In the case before us the attempted remainder over is after a fee-simple estate, and not an express life estate, has been given to the first taker.

In our opinion the trial court correctly held that the testator's wife, Virginia V. Rickard, took a fee-simple estate in the real property, and an absolute title to the personalty, devised and bequeathed to her under her husband's will.

As a minor contention the appellant claims that the appellee, Coffman, is estopped by two incidents, which occurred during Mrs. Rickard's lifetime, to prevail in the contention that she acquired a fee-simple estate in the real estate under her husband's will.

On February 1, 1944, Mrs. Rickard and Coffman executed a deed and contract whereby they conveyed to Walter S. Crisman certain timber on a part of the real estate. The recitals in this deed and contract, it is argued, recognized the reversionary interest of the appellant and other remaindermen in the property.

It is also pointed out that in a creditors' suit brought to settle the estate of Asa A. Sheetz, deceased, his reversionary interest in the Rickard property was sold under a decree of court and purchased by Mrs. Rickard. Thus, it is said, she recognized that she had only a life interest in the property.

A complete answer to these claims of estoppel is that there is no showing or even any contention that the appellant was misled to his injury by these acts on the part of Mrs. Rickard. Consequently, the doctrine of estoppel cannot be applied against her and against Coffman who claims through her. See *American Nat. Bank* v. *Ames*, 169 Va. 711, 738, 739, 194 S. E. 784, 793, and cases there cited.

We find no error in the decree appealed from, and it is

*Affirmed.*