# Richmond

R. E. GARDNER, ETC., ET AL. v. LOUIS P. WORRELL, ET AL.

November 30, 1959.

Record No. 5011.

Present, All the Justices.

The opinion states the case.

*Raleigh M. Cooley* and *A. E. Cooley* (*George B. Cooley*, on brief), for the appellants.

*John Alderman* and *B. P. Goad* (*John P. Alderman*, on brief), for the appellees.

WHITTLE, J., delivered the opinion of the court.

This suit involves the construction of the second clause of the holographic will of M. A. Gardner, dated May 1, 1944, and probated September 28, 1949. The will reads:

" Fancy Gap, Va.
May 1st 1944

"This being my Last will and testamet me being of sound and Desposing mind

 I beques*t* unto Janet Ayers and Audry Fay Ayer*t* $500.00 Five Hundred Dollars Each to be used to pay the*re* way in High School

 I bequ*a*th unto my wife Susana Gardner the Balance of all my Earth*e*ly Possess*in* bo*a*th Real and Pe*sonaly* Property to do as she Please with Sell any thin- she wants to and make title to same be her own Admin*trx* With out Bond and if there is any thing Left to be Equa*ly* Divided betw*en* my——— whole Brother and Sisters and her Brother and sister

"Signed M. A. Gardner
"May 1st 1944."

The sole question presented is: Did the second clause of the will give the widow a life estate as contended by appellants or did the widow take a fee simple estate in the real property and an absolute estate in the personal property as contended by the appellees?

From a decree entered by the chancellor, deciding that the widow took a fee simple estate in the real property and an absolute estate in the personalty, we granted this appeal.

The cardinal rule of construction of a will is the intention of the testator. This must be determined from what he actually says and not from what it may be supposed he intended to say. If the meaning of the language used by the testator is clear the will needs no interpretation; it speaks for itself. *Rule v. First National Bank*, 182 Va. 227, 230, 28 S. E. 2d 709, 710.

The second clause of the will is not ambiguous. On the contrary, the intention of the testator is plain and certain. In substance he says (1) I give all my property to my wife; (2) to do with as she pleases; (3) to sell any or all of it; and (4) to transfer title to that which she does sell. Thus she is expressly given an unlimited and unrestricted power of absolute disposition, and clearly the devise to her creates a fee; and the limitation over "if there is anything left", etc. is invalid, being inconsistent with and repugnant to the fee, and is therefore void for uncertainty. There can be no remnant after a fee simple is created. I Minor on Real Property (2nd Ed., Ribble, 1928), §§ 158, 707, pp. 216, 217, 924, 925.

In *Burwell's Ex'ors v. Anderson, Adm'r &c* (1831), 3 Leigh (30 Va.) 348, 356, it is said: "The power of absolute disposition is, indeed, the eminent quality of absolute property."

As stated in *Crisman v. Swanson*, 193 Va. 247, 250, 68 S. E. 2d 502, 505;

"The doctrine of *May* v. *Joynes,* \* \* [20 Gratt. (61 Va.) 692] was abolished by chapter 146, Acts 1908, page 187 (*Southworth* v. *Sullivan,* 162 Va. 325, 173 S. E. 524), which act was in turn modified by section 5147 of the 1919 Code, now section 55-7 of the 1950 Code, but the statute applies only to estates expressly granted for life and does not control in this case. \* \*"

No express estate for life was created in the will under consideration. On the contrary, as aforesaid, the property was given to testator's widow with absolute power of disposal. It would serve no good purpose to prolong this opinion by distinguishing the cases relied upon by the appellants from the plain provisions of the section of the will under review.

Since the decision in *May* v. *Joynes & als.,* 20 Gratt. (61 Va.) 692, decided in 1871, we have consistently held that where a person is given property with absolute dominion over it, as in this instance, which is followed by a gift over to another "if there is anything left" or "of what remains undisposed of at \* \* death", and like phrases, a fee simple in real estate and an absolute estate in personalty passes to the first taker.

The two more recent cases wherein we approve the rule here applied and where various other cases are discussed are: *Rule* v. *First National Bank, supra,* and *Trustees of Duncan Church* v. *Ray,* 195 Va. 803, 80 S. E. 2d 601.

For the reasons stated the decree is

*Affirmed.*