## Richmond

GEORGE C. RAWLINGS, JR., EX'R, ETC., ET AL. v. IRVINE LITTLEPAGE
BRISCOE, ET AL.

June 11, 1973.

Record No. 8125.

Present, All the Justices.

*George C. Rawlings, Jr.,* for appellants.

*William M. Sokol* (*Whitticar, Whitticar & Sokol,* on brief), for appellees.

I'ANSON, J., delivered the opinion of the court.

This suit involves the proper construction of the last will and testament of Oscar L. Chewning, who died on November 20, 1967. The material portion of the instrument, dated January 29, 1965, and duly probated on November 22, 1967, provides:

"All the rest and residue of my property, real, personal, or mixed and wheresoever situated, of which I may die seized or possessed, or to which I may be entitled at the time of my death, I give, devise and bequeath unto my beloved mother, Willie Ell Chewning, for and during her natural lifetime, and upon her death, or should she predecease me or die with me in or as a result of a common disaster, then I give, devise and bequeath the remainder

thereof as follows: The 53-acre tract of land where my mother and I have made our home for many years, to Mrs. Ada Constein in fee simple absolute. All the rest and residue of my property, I give, devise, and bequeath as follows: One-third thereof to Wallers Baptist Church; one-third thereof to Mrs. Ada Constein; and one-third thereof to my grandchildren, share and share alike, per stirpes and not per capita. In the event my said mother should survive me and be entitled to a life estate in the residue of my estate as aforesaid, I authorize and empower her to sell any or all of the said residue at her discretion and use any part of the principal thereof that may be necessary for her care and maintenance."

On November 27, 1967, Willie Ell Chewning executed a deed conveying a 163.4-acre tract of land, of which testator died seised and possessed, to one of the appellees herein, Irvine Littlepage Briscoe, who was Mrs. Chewning's only grandchild and daughter of the testator. No monetary consideration passed between the parties.

In confirming the report of the commissioner in chancery, the chancellor held, among other things not involved on this appeal, that under the terms of testator's will Mrs. Chewning became seised of a life estate in the subject real estate coupled with absolute power of disposition, and that she had the right and power to convey the property to Irvine without monetary consideration.

The appellant, George C. Rawlings, Jr., executor of the estates of Willie Ell Chewning, deceased, and Oscar L. Chewning, deceased, contends that a reading of Oscar L. Chewning's will shows that it was his intention to give Willie Ell Chewning a life estate with the power and right to sell any and all of his property and to use the proceeds therefrom if necessary for her care and maintenance, but that she was not given the right and power to make a gift of the property; and that Code § 55-7 "saved" the subject property from the application of the rule of *May* v. *Joynes*, 61 Va. (20 Gratt.) 692 (1871).

The landmark case of *May* v. *Joynes* established the principle which has been consistently followed in Virginia, that where a life estate is given to the first taker coupled with the absolute power of disposition, the added power raises the life estate to a fee in real property and absolute ownership of personalty, and any limitations in the remainder over are void for repugnancy and uncertainty. *Gardner* v. *Worrell*, 201 Va. 355, 356, 111 S.E.2d 285, 287 (1959); *Mowery* v. *Coffman*, 185 Va. 491, 494-95, 39 S.E.2d 285, 287 (1946).

We have held that the gift of property coupled with the power of disposition for "care and maintenance," and the like, merely expresses the motive for the gift and does not qualify or detract from the fee simple estate passed on to the donee. *Mowery* v. *Coffman, supra,* 185 Va. at 494, 39 S.E.2d at 286-87; *Conrad* v. *Conrad's Ex'or,* 123 Va. 711, 716-17, 97 S.E. 336, 338 (1918); *Davis* v. *Kendall,* 130 Va. 175, 195, 107 S.E. 751, 757 (1921).

The rule of *May* v. *Joynes* is a rule or canon of property and in a case where the rule is applicable it will defeat a testator's clearly expressed intent to effect a gift over after the death of the first taker in whom he has vested a fee simple estate. "The remainder over is void, not because the court does not perceive the testator's intent, but because the attempted gift violates a fundamental rule or canon of property that after a donee has been given a fee in property, such fee cannot be qualified or limited by a gift over to another of such portion of the property as the donee may not have consumed or disposed of." *Mowery* v. *Coffman, supra,* 185 Va. at 495, 39 S.E.2d at 287; *Hansbrough* v. *Presbyterian Church,* 110 Va. 15, 16, 65 S.E. 467, 468 (1909). As stated in *Moore* v. *Holbrook,* 175 Va. 471, 479, 9 S.E.2d 447, 451 (1940), "if the intention of the testator, which is always of primary importance in the construction of wills, runs counter to a well-established principle of law, the intention must yield."

Recognizing that the rule of *May* v. *Joynes* could and would thwart the intention of a testator where not all of the estate devised or bequeathed was consumed or disposed of by the first taker during his lifetime, the legislature first modified the rule by Chapter 146, Acts of 1908, at 187, and further modified and clarified the rule in 1919 by the enactment of § 55-7, Code of 1950, 1969 Repl.Vol. *Borum* v. *National Bank,* 195 Va. 899, 904-06, 80 S.E.2d 594, 597 (1954).

Code § 55-7 was phrased as follows:

> "If any interest in or claim to real estate or personal property be disposed of by deed or will for life, with a limitation in remainder over, and in the same instrument there be conferred expressly or by implication a power upon the life tenant in his lifetime or by will to dispose absolutely of said property, the limitation in remainder over, shall not fail, or be defeated, except to the extent that the life tenant shall have lawfully exercised such power of disposal . . . ."

The effect of the statute is to validate remainders in such property as remains undisposed of by the life tenant where a fee simple estate arises when the first taker is given a life estate coupled with the power of absolute disposition. *Borum, supra,* 195 Va. at 908-10, 80 S.E.2d at 600.

In the instant case the language used in testator's will giving Mrs. Chewning the power to "sell any and all residue [of the property] at her discretion" shows that the testator intended to give her absolute dominion over the subject property with full power of disposition. The language "and use any part of the principal thereof that may be necessary for her care and maintenance" merely expresses the motive for the gift and does not take away Mrs. Chewning's fee simple estate in the subject property. "If the ownership of property is simply the aggregate of all the lawful rights of use and disposal, then one who has a life interest with a full power of disposition at his will and pleasure owns it because he has all there is." [1] Since Mrs. Chewning owned the fee in the subject property, she had the right to dispose of it by gift to Irvine Littlepage Briscoe.

Code § 55-7 did not save the property which is the subject of this suit from the operation of the rule in *May* v. *Joynes* since Mrs. Chewning, the life tenant with the full power of sale and disposition, lawfully disposed of it during her lifetime.

For the reasons stated, the decree is

*Affirmed.*

---

1. Ribble, *Future Interests in Virginia,* 11 Va.L.Rev. 98, 107 (1924).