ESTATE OF DANIEL H. FIELDS, D. G. Fields, Administrator with the will annexed, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Fields v. Commissioner
Docket No. 5630-80.
United States Tax Court
T.C. Memo 1981-592; 1981 Tax Ct. Memo LEXIS 148; 42 T.C.M. (CCH) 1406; T.C.M. (RIA) 81592; October 14, 1981. Carle E. Davis, for the petitioner. Scott D. Anderson, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined a deficiency of $ 93,124.31 in petitioner's *149 Federal estate tax. The only issue for decision is whether the bequest made to the testator's widow qualifies, under section 2056, [1] for the marital deduction. This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Mouth of Wilson, Virginia. On February 23, 1977, he timely filed a Federal estate tax return for the estate of Daniel H. Fields with the Internal Revenue Service Center, Memphis, Tennessee. Daniel H. Fields, also known as D. Hoke Fields (hereinafter decedent), died on May 23, 1976. On October 18, 1971 decedent executed a last will and testament which document he himself prepared without the aid of an attorney. This document was admitted to probate in Grayson County, Virginia on October 8, 1976 and the decedent's estate was distributed in accordance with its terms. Item No. 3 of decedent's last will and testament (hereinafter Item No. 3) reads as follows: Item No. 3: I will that the *150 net value of the remainder of my estate consisting of every thing of value owned by me at my death, be divided between my wife Sally P. Fields and my son, Gayle Fields as follows: 50% of the net value of my estate I will to my Wife, Sally P. Fields, for her use and control as long as she lives. At her death any amount of this portion of my estate remaining in her possession shall be given to my son Gayle Fields. 50% of the net value of my estate to my son, Gayle Fields, his heirs or assigns. Decedent's estate tax return, as adjusted, reported a total gross estate of $ 717,821.32 and claimed a deduction for "Bequests, etc., to Surviving Spouse" in the amount of $ 290,907.57. Of this amount, $ 11,571.74 was claimed as a result of property owned jointly by decedent and Sally P. Fields, decedent's surviving spouse (hereinafter Sally). The remainder was claimed as a result of the bequest to Sally in Item No. 3. Petitioner argues that under Virginia law decedent bequeathed to Sally a fee simple interest which qualifies for the marital deduction under section 2056(a). Respondent, by contrast, contends that under Virginia law a bequest of property to a spouse for her use and *151 control as long as she lives with a gift over to the decedent's son of the property remaining in the spouse's possession at her death is a bequest of a life estate and therefore does not qualify for the marital deduction. We agree with the petitioner. Section 2056(a) provides for a deduction from the value of a decedent's gross estate of an amount equal to the value of any interest in property which passes or has passed to the surviving spouse. Section 2056(b), however, proscribes the application of the marital deduction in the case of a terminable interest in property passing to a surviving spouse. Section 20.2056(b)-1(b), Estate Tax Regs., defines a terminable interest in property as an interest which will terminate or fail on the lapse of time or which is dependent on a contingency occurring or not occurring. A life estate is specifically identified in the regulation as a terminable interest. The law of the decedent's domicile determines the nature of an interest and how it should therefore be taxed. Morgan v. Commissioner, 309 U.S. 78 (1940). Because decedent's domicile was Virginia, we must apply Virginia law to decide the issue herein. Under Virginia *152 law, a bequest of property to a person for life coupled with the absolute power of disposition over the property is a bequest of a fee simple interest. Rawlings v. Briscoe, 214 Va. 44, 45, 197 S.E. 2d 211, 212 (1973); May v. Joynes, 61 Va. (20 Gratt.) 692 (1871). However, where there is an express estate for life intended by the testator, Va. Code section 55-7 partially abrogates this rule by validating the remainder interest to the extent that the life tenant has not disposed of it. [2]Trustees of Duncan Memorial Meth. Church v. Ray, 195 Va. 803, 80 S.E. 2d 601 (1954); Borum v. National Valley Bank of Staunton, 195 Va. 899, 80 S.E. 2d 594 (1954). *153 In order to decide whether decedent intended to create an express estate for life and whether the bequest created an absolute power of disposition over the property, a comparison of the facts, rationale, and holding in Borum to those in Trustees of Duncan Memorial Meth. Church is illuminating. In Borum, the testator's will dated March 9, 1926 provided in pertinent part: 2d. After the payment of all my just debts I will devise and bequeath to my beloved wife, Lizzie L. Borum all of my estate of every description, Real, Personal and mixed to be her absolute estate. (195 Va. at 900, 80 S.E. 2d at 595). But, on February 4, 1933, the testator added a codicil which read in pertinent part: I will bequeath and devise all of my property, personal, real and mixed to my wife for and during her natural life with full power and authority to consume or dispose or sell and convey all of any of said property as she may see fit in her sole discretion and any of said property real or personal that may remain in her possession at the time of her death, I will, devise and bequeath to my heirs at law and distributees as provided under the Virginia Statute of descent *154 and distribution. I hereby to the extent of this codicil modify and revoke my will as heretofore written in so far as may be necessary to do so, to carry this codicil into effect. * * * (Id.) The Supreme Court of Appeals of Virginia in Borum held that the codicil created an express life interest. The court emphasized that the words in the codicil which expressly modified and revoked the will as was necessary to give effect to the codicil underlined the unambiguous intent of the testator to give his widow a life estate. By contract, the same court in Trustees of Duncan Memorial Meth. Church held that a fee simple interest had been created by the following bequest: My last will. I, A. T. Ford request that my wife Eva Clyde Ford take immediate possession of my home, with its contents--also all stock--money in bank--and every thing that stands in my name. My wife is to see every thing I may owe, be paid. At my wife [sic] death, the remainder of what may be left, is to be divided equally between the Methodist Orphanage, Richmond, Va. and the Methodist Church, Ashland, Va. No appraisement or security is required of my wife, she to have full control her *155 life time. A. T. Ford,… (Seal) (195 Va. at 804, 80 S.E. 2d at 602). The court found that the testator's primary intention was to give his wife possession and full power of disposal of this property and only his secondary intention to give the remainderman whatever might be left at their death. Under the Virginia common law, the interest created was therefore a fee simple interest. Unlike in Borum, it is not clear that the decedent herein intended to bequeath to Sally a life estate. The words used are more like those used in Trustees of Duncan Memorial Meth. Church in that decedent gave Sally the power to use and control the property and that if anything remained after her death, the property would go to the decedent's son. We find that such language does not expressly create a life estate; rather, under Virginia common law, the will created a fee simple interest. [3]
*156 Respondent cites numerous cases stating that the power to "use" property is not tantamount to the absolute power to dispose of the property. [4] Item No. 3, however, does not merely include the power to "use" the property but also to "control" it. In holding the property interest to be a life estate in Walker v. Clements, 216 Va. 562, 565, 221 S.E. 2d 138, 140 (1976), the court distinguished between "use" alone and "use and control" as follows: We do not find in the Lawson will, and in the devise to Albert T. Hall, such language as "right of disposition," "possession," or "full control." Instead we have a devise to a brother "to use as he sees fit." Because we have found that decedent's will created a fee simple interest by its bequest to Sally, petitioner is entitled to a marital deduction, under section 2056(a), equal to the amounts claimed on the decedent's *157 estate tax return. Decision will be entered for the petitioner. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The statute does not restrict the life tenant's power to dispose of the property ( First Virginia Bank v. United States, 490 F.2d 532, 534 (4th Cir. 1974); Christian v. Wilson, 153 Va. 614, 151 S.E. 300 (1930)) and it does not prevent the application of the rule where the life tenant lawfully disposed of the property during his lifetime. Rawlings v. Briscoe, 214 Va. 44, 197 S.E. 2d 211↩ (1973).
3. In Rev. Rul. 77-30, 1977-1 C.B. 291↩, respondent's position was that, in Virginia, where A bequeathed property to his surviving spouse B for life with the full power and right to sell, use, and dispose of such property and whatever remains to go to A's two children, the property bequeathed to B qualifies for the marital deduction under section 2056(b)(5) and the regulations thereunder. We do not see any appreciable difference between the testamentary provision that appears in the revenue ruling and the provision that appears in decedent's will herein, but we arrive at our decision by finding that a fee simple interest exists here and not under the exception of section 2056(b)(5). Because we have found that Item No. 3 created a fee simple interest and because petitioner did not alternatively advance an argument under section 2056(b)(5), we need not decide the applicability of respondent's ruling to this case.
4. See e.g. Walker v. Clements, 216 Va. 562, 221 S.E. 2d 138 (1976); Roller v. Shaver, 178 Va. 467, 17 S.E. 2d 419 (1941); Bristow v. Bristow, 138 Va. 67, 120 S.E. 859 (1924); Davis v. Kendall, 130 Va. 175, 107 S.E. 751↩ (1921).