## CIRCUIT COURT OF THE CITY OF NORFOLK

James O. Wiggs, Jr.

v.

Melvin L. Small, Vaughn G. Adams,
George D. Williams, Vonnie M. Williams,
and Property Buyers, Inc.

February 7, 1985

Case No. (Law) L-84-1878

By JUDGE JOHN W. WINSTON

In his Motion for Judgment as filed James O. Wiggs, Jr., claims titled ownership of certain designated property located in the City of Norfolk and seeks the ejectment of and monetary damages from each of the defendants named in his suit. Mr. Wiggs asserts that he inherited these properties through the probated wills of James Oliver Wiggs and of Alice Wicks (Williams) Wiggs, his parents. And he further asserts that the defendants Vaughn G. Adams and George D. Williams and Vonnie Mitchell Williams by their deeds of September 30, 1982, and of February 1, 1983, had no ownership interests in those properties which they could convey to defendant Melvin L. Small and which Melvin L. Small's trustee (Carlton F. Bennett) could convey to defendant Property Buyers, Inc., by his separate deed dated August 9, 1984.

By his Motion for Summary Judgment defendant Vaughn G. Adams seeks a dismissal of Mr. Wiggs's suit against him. By their demurrers each of the other defendants likewise seek a dismissal of that suit against them.

These demurrers and the summary judgment motion all state a single premise. That is, Mr. Wiggs, Jr.'s motion for judgment fails to establish that he possesses any interest in the property conveyed by or to the various defendants as to which relief may be granted him.

The probated will of James Oliver Wiggs, a/k/a James O. Wiggs, (Exhibit A) provides in pertinent part as follows:

> Third, I give unto my said wife Alice, my houses and lots situated on Hardy Avenue and Pendleton Streets in Berkley section of the City of Norfolk and also all other real estate or interest therein of which I may be seised at the time of my death, with full power of disposition, provided, however, that any such real property which may not be disposed of at the time of her death, together with any shares of stock, bonds or other evidences of indebtedness held and undisposed of for her use at the time of her death shall revert to my estate and pass in fee to my son James O. Wiggs, Jr. or his heirs.

The probated will of Alice Wiggs (as stipulated to by all the parties for the purpose of these defensive pleadings) provides in pertinent part as follows (after setting out various specific *bequests*):

> *Article III.* All the rest and residue of my estate of every kind and description whether it be real, personal or mixed, I give, devise and bequeath absolutely and in fee simple and in the following shares to the following-named persons:
>
> (A) To my niece, Vaughn G. Adams, twenty-five percent (25%) of the rest and residue of my estate.
>
> (B) To my nephew and his wife, George D. Williams and Vonnie Mitchell Williams, or the survivor thereof, seventy-five percent (75%) of the rest and residue of my estate.

In opposing the demurrers and the summery judgment motion Mr. Wiggs, Jr., asserts that the language in his father's will is unclear, requiring extrinsic evidence as to the intention expressed thereby and thus making the pleadings premature. Further, he says that in any event such will impliedly established only a life estate in Alice W. Wiggs with a valid remainder in fee over

to himself. And, finally, he contends there is a presumption that a testator does not intend to disinherit his own heirs by the language used.

Mr. Wiggs, Jr., urges that portions of *Pigg* v. *Haley*, 224 Va. 119 (1982), and of *Powell* v. *Holland*, 224 Va. 609 (1983), support his legal position. Unfortunately, they do not when the provisions in the will of James Oliver Wiggs are read. For there is no *express* estate for life given to Alice Wiggs. And Virginia Code § 55-7 only validates the gift over where the first taker receives an express estate for life. *Mowery* v. *Coffman*, 185 Va. 491 (1946); approved in *Pigg* v. *Haley, supra*, page 121. Furthermore, the language used here clearly transferred a fee simple interest in the real property located on Pendleton Street and Hardy Avenue to Alice W. Wiggs and then attempted to also convey to James O. Wiggs, Jr., a fee simple interest in the remainder not disposed of by her prior to her own death.

Former Chief Justice Eggleston stated the rule binding on this court in these words:

> Since the decision in 1871 in *May* v. *Joynes*, 20 Gratt. (61 Va.) 692, it has been consistently held in Virginia that where the first taker is given absolute dominion over property, the attempted gift over to another "of what remains undisposed of," or the like, upon the first taker's death, is void for repugnancy.
>
> This is so regardless of how clearly the testator may have expressed the intent to effect a gift over after the death of the first taker in whom he has vested a fee-simple estate. The remainder over is void, not because the Court does not perceive the testator's intent, but because the attempted gift violates a fundamental rule or canon of property that after a donee has been given a fee in property, such fee cannot be qualified or limited by a gift over to another of such portion of the property as the donee may not have consumed or disposed of. *Mowery* v. *Coffman, supra*, pages 494-495.

[Counsel may] present [an] order or orders sustaining each of the demurrers and granting summary judgment and preserving objections.