## CIRCUIT COURT OF FAIRFAX COUNTY

Robert E. Young et al.

v.

Karla Mantilla, Adm'r c.t.a.d.b.n.
of the Estate of
William Durward Young, et al.

January 18, 1989

Case No. (Chancery) 108240

By JUDGE J. HOWE BROWN

This case is before me upon Defendants' demurrer. For the reasons stated, the demurrer is sustained without leave to amend. The facts are stated from the Bill of Complaint.

Catherine A. Young (Catherine) and William Durward Young (William) lived together as husband and wife without formal marriage. In 1977 they took title to real estate under a deed which conveyed the property to them "as tenants by the entirety with the common law right of survivorship, it being intended that the part of the one first dying shall belong to the survivor . . . ." William died on April 3, 1987, leaving a will. The will does not mention the real estate. The will does contain a residuary clause which states in part: "*Third*: All the residue and remainder of my estate, both real and personal, I give, bequeath, and devise to my wife, Catherine A. Young, to hold, manage, *and* control, use, and dispose of for her benefit and advantage." (Emphasis in original). Catherine died on August 21, 1987. This suit was filed by the children of William from a prior marriage alleging that the real estate was

owned by Catherine and William as tenants in common and that William's share passed to Catherine as a life estate.

The Bill is not one to impeach or establish a will but to construe a will. The Bill is not controlled by the limitation in Virginia. Code Section 64.1-89. That ground of the demurrer is overruled.

The language of the deed purporting to convey the property to Catherine and William as tenants by the entirety is not effective because they were not married. That the parties intended a joint tenancy is manifest from the language "with common law right of survivorship." That they intended that the part of the one dying first should pass to the other is manifest from the language "it being intended that the part of the one first dying shall belong to the survivor." Survivorship between joint tenants was abolished by Va. Code Section 55-20 (1986 Repl. Vol.). An exception is created by Va. Code Section 55-21 (1986 Repl. Vol.) where "it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others." The intent of William to pass the real estate to Catherine on his death could not be more clearly stated than appears in the deed. The language virtually tracks the exception stated in Section 55-21.

If the language of the deed is interpreted to create a tenancy in common, the interest of William passed to Catherine under the residuary clause of the will. A devise of real estate which gives to the recipient full power to dispose of the property without limitation conveys fee simple title. *Gardner v. Worrell*, 201 Va. 355 (1959); Va. Code Section 55-11 (1986 Repl. Vol.). The language in the will is not ambiguous, and whatever passed to Catherine under the residuary clause passed in fee simple.