406

## CIRCUIT COURT OF NELSON COUNTY

Signet Trust Bank

v.

Elva Fauber et al.

June 26, 1996

Case No. CH95-80

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule in the above case.

The stipulated issue in this case is whether the will of Forest Buford Monroe devises and bequeaths all of the property which passed thereunder in fee simple and absolutely to Mary P. Monroe.

Forest Buford Monroe died testate on November 4, 1987. His will was probated in the Nelson County Circuit Court on November 20, 1987. The second paragraph of his will provided as follows:

> After the payment of my just debts and funeral expenses, I give, devise, and bequeath all of my property and estate, real, personal, and mixed, tangible and intangible, of every kind and description, wheresoever situate or being, of which I may die seised or possessed, or to which I may be entitled, at the time of my death, *to my wife, Mary P. Monroe, with full power to dispose of the same*; but if all or any part of said property remains undisposed at the death of my wife, or her remarriage, whichever event first occurs, then I give, devise, and bequeath all or the part undisposed of to my then surviving sisters or sister, in equal shares, absolutely and in fee simple. In the event no sister of mine shall survive my said wife or me, then my entire estate I give, devise, and bequeath, absolutely and in fee simple, per capita, to be divided equally among all surviving lineal descendants of said deceased sisters.

(Emphasis added.)

Mary P. Monroe, his widow, was named the executrix of his estate and qualified and administered his estate. The estate was closed November 30, 1988.

Mary P. Monroe, then died testate on December 22, 1994. Her will was probated on January 11, 1995. Mary P. Monroe made both bequests of specific items of personal property and shares of her estate to different persons. The surviving sisters of Forest Buford Monroe are Elva Fauber, Genevieve Gill, and Margaret Duval. The sisters of Forest Buford Monroe take the position that the property which passed under the will of Forest Buford Monroe and which was not disposed of by the time of the death of Mary P. Monroe, was devised and bequeathed to the three sisters in equal shares pursuant to the terms of Mr. Monroe's will. The plaintiff and all the other defendants take the position that the property which passed under the will of Forest Buford Monroe was devised and bequeathed in fee simple absolute to Mary P. Monroe and, upon her death, this property passed under the terms and provisions of her will.

This Court finds in favor of the plaintiff and the defendants, with the exception of the defendants Fauber, Gill, and Duval.

It has been held by the Virginia Supreme Court that a gift with a power of disposition passes to the donee a fee simple estate in the real estate and absolute ownership of personalty. *Mowery v. Coffman*, 185 Va. 491, 494, 39 S.E.2d 285 (1946); *Moore v. Holbrook*, 175 Va. 471, 477, 9 S.E.2d 447 (1940); and *Trustees of Duncan Mem. Methodist Church v. Ray*, 195 Va. 803, 807, 80 S.E.2d 601 (1954).

The terms of the will of Forest Buford Monroe make a gift of Mr. Monroe's property to Mrs. Monroe with the power to dispose of the property. This clearly falls within the cases set forth above and vests absolute ownership of the property from Mr. Monroe's estate in Mrs. Monroe.

The sisters of Forest Buford Monroe argue that § 55-7 of the Code of Virginia (1950), as amended, is controlling. That statute provides, in part, as follows:

If any interest in or claim to real estate or personal property be disposed of by deed or will for life, with a limitation in remainder over, and in the same instrument there be conferred expressly or by implication a power upon the life tenant in his lifetime or by will to dispose absolutely of such property, the limitation in remainder over shall not fail, or be defeated, except to the extent that the life tenant shall have lawfully exercised such power of disposal.

The sisters of Forest Buford Monroe argue that Mary Monroe was merely given a life estate with power of disposition during her life and that what was not disposed would then pass under the provisions of Mr. Monroe's will as provided in § 55-7 of the Code of Virginia. This statute, however, has only been construed to apply to an "express estate for life" coupled with an absolute power of disposition. *Mowery v. Coffman,* 185 Va. 491, 495, 39 S.E.2d 285 (1946); *Southworth v. Sullivan,* 162 Va. 325, 338, 173 S.E. 524 (1934). The will of Forest Buford Monroe does not grant an express estate for life. In fact, the will does not use the term "life estate" or "estate for life." Therefore, because there is no express life estate established in the will of Mr. Monroe, the provisions of § 55-7 do not apply.

Accordingly, any property that Mary P. Monroe received under the will of Forest Buford Monroe passes in accordance with the terms of her will.