## CIRCUIT COURT OF THE CITY OF ROANOKE

John R. Zirkle et al.

v.

Cendant Mobility
Services Corp. et al.

December 11, 2001

Case No. CL00-1181

By Judge Robert P. Doherty, Jr.

Defendant Original Seller closed on the sale of her home receiving the full purchase price from Defendant Relocation Company and delivered to them an executed general warranty deed with the name of the purchaser left blank. Thereafter Defendant Relocation Company, as seller, entered into a written contract to convey that same real estate to Plaintiff Purchaser. At this second closing, Defendant Relocation Company wrote in Plaintiff Purchaser's name as the grantee on the original deed and on the Virginia Residential Property Act disclosure statement, both of which had been earlier signed and delivered to Defendant Relocation Company by Defendant Original Seller. Defendant Relocation Company delivered both of these documents to Plaintiff Purchaser at the second closing, keeping the resulting sale proceeds as its own property.

Plaintiff Purchaser, after later discovering prior water damage to the home, filed suit against both Defendants claiming fraud, misrepresentation, and failure to disclose. Defendant Original Seller demurrers claiming that she had no dealings with nor made any representations to Plaintiff Purchaser, as she sold her real estate to Defendant Relocation Company. Defendant Relocation Company also demurrers. They deny being involved as anything more than a conduit, pointing out that they did not sign the disclosure statement, specifically disclaimed being the agent of Defendant Original Seller, and that their name does not appear in the chain of title. The Court

finds against Defendant Relocation Company and in favor of Defendant Original Seller.

This transaction as orchestrated by the Defendant Relocation Company, is a carefully crafted subterfuge designed to acquire all of the advantages of ownership of the real estate and to escape all of the responsibilities of that ownership. In the original closing, Defendant Relocation Company paid the full purchase price to the Defendant Original Seller, stripping her of all incidents of ownership and of all right and power to control, influence, or direct any aspect of any future transfer of the real estate. No power of appointment, express or implied, was given. Notwithstanding any of this, Defendant Relocation Company denies it is a purchaser of the real estate. They argue that their name is never listed on a deed, that they do not appear in the chain of title, and that they specifically denied any agency relationship with Defendant Original Purchaser.

Defendant Relocation Company takes the position that they are nothing more than a conduit or a facilitator in a conveyance between Defendant Original Seller and Plaintiff Purchaser. Under their theory, they evade recording costs, grantee and grantor taxes, real estate taxes, potential tort liability for injury occurring on the real estate, any obligation involving fraud or misrepresentation to a future purchaser, any duty to inspect the subject real estate or its title, and they make no warranties to anyone. This, of course, is not correct.

When Defendant Relocation Company went through the original real estate closing, they received from Defendant Original Seller all of her right, claim, title, and interest in and to the subject real estate. Those incidents of ownership were not placed in limbo or held in trust. Instead, the complete power to use, control, and dispose of the property was placed in the hands of the Defendant Relocation Company. They had absolute dominion and control over the real estate. "If the absolute dominion is given, it is just as if the fee simple itself is given." *Davis v. Kendall*, 130 Va. 175, 192 (1921). This is nothing more than the rule of *May v. Joynes*, 61 Va. (20 Gratt.) 692 (1871). See also *Hall v. Hoak*, 184 Va. 821, 827 (1946).

Accordingly, the Court finds that Defendant Relocation Company became the actual fee simple owner of the subject real estate upon the delivery of the original deed with the grantee's name left blank. The subsequent transfer of that deed to Plaintiff Purchaser was a conveyance of the fee simple title from Defendant Relocation Company to Plaintiff Purchaser. Any duties owed to Plaintiff Purchaser are owed by the immediate grantor, Defendant Relocation Company, and not by the remote grantor, Defendant Original Seller.

The demurrer of the Defendant Original Seller is sustained with prejudice, and the demurrer of Defendant Relocation Company is overruled.